**Ruthel J. MOTT, Appellant,**

v.

**Eunice L. MOTT, Appellee.**

**No. 12242.**

Court of Civil Appeals of Texas, Austin.

March 5, 1975.

Rehearing Denied March 26, 1975.

**430**

Ray Elvin Speece, Houston, for appellant.

W. R. Stump, McClain, Stump & Wright, Georgetown, for appellee.

SHANNON, Justice.

This appeal comes from the judgment of the district court of Williamson County ordering a partition of the interests of Ruthel J. Mott, appellant, and Eunice L. Mott, appellee, in certain personal and real property. We will affirm that judgment.

For many years prior to 1971 appellant and appellee had been married, and during those years they had accumulated personal and real property. Appellant and appellee were divorced in Williamson County in 1971, but the divorce judgment did not divide that property.

Appellee ifled the instant suit for partition in 1972. After the appellant had made an appearance in the cause, the court entered an order requiring the appellant to file an inventory and appointing certain persons to appraise the real and personal property held in common by the parties. That order recited that the attorneys of record for the respective parties had appeared in court and had announced to the court that they had agreed upon the names of certain persons to be appointed to appraise the property of the parties. In response to the order of the court, the inventory and the appraisers' reports were duly filed with the clerk of the court. After the filing of the reports, appellant filed no further pleadings questioning in any manner those reports. Upon trial to the court, judgment partitioning the property was entered.

Appellant attacks the judgment by three points of error. The first and second points complain of the appraisers' reports for the reason that those reports failed to state any basis for their conclusions of value as to same antique automobiles and automobile parts, and for the reason that the appraisal report of the beauty parlor operation failed to take into account the value of the goodwill which had allegedly accumulated during the marriage of the parties. In his third point appellant states that the court erred in adjudging void a promissory note for $14,000.00 payable to appellant

and signed by the appellee for the reason that the evidence was insufficient to support the finding in the judgment that the note was obtained by fraud and without payment of consideration.

During the course of the trial, counsel and the court referred to the reports of the appraisers and, on occasion, counsel questioned the parties with respect to those reports. The filing of the reports was ordered by the court, and most certainly the court's attention was directed to those reports. Moreover, the judgment specifically refers to the reports of the appraisers. Although our reading of the statement of facts does not disclose a formal tender into evidence of the reports, the record demonstrates that the court and the parties treated the matter as if the reports had been formally introduced. Furthermore, appellant has filed no point of error in this regard.

■ During the trial of the case appellant voiced no complaint concerning the alleged inadequacies of the appraisers' reports now contained in points of error one and two. As appellant made no objection at trial, whatever complaints he may have had with respect to those reports were waived. Hill v. Baylor, 23 Tex. 261 (1859); Pool v. Wedemeyer & Schulte, 56 Tex. 287 (1882); Seymour v. Texas & N. O. Ry. Co., 209 S.W.2d 814 (Tex.Civ.App. 1947, writ ref'd); Barrera v. Duval County Ranch Co., 135 S.W.2d 518 (Tex.Civ.App. 1939, writ ref'd).

■ Appellant's final point of error complains that the evidence was insufficient to support the court's finding that the promissory note for $14,000.00 was obtained by appellant's fraud and was not supported by consideration. To understand this point some factual explanation is necessary. In her supplemental petition appellee pleaded that she had been unaware of the existence of the promissory note until it was presented to her attorney by appellant's attorney after the first hearing in the cause. By way of explanation for the existence of the note, appellee pleaded that sometime in January of 1972, appellant came to her beauty parlor while she was waiting on one of her customers and represented to her that he had some "papers" which she had to sign so that he could borrow money against one of their joint insurance policies to pay another insurance policy. Appellee stated to appellant that she did not have time to read the papers. Appellant's reply allegedly was that it was not necessary that she read the papers for he would "take care of them." Appellee averred further that, relying upon and trusting in appellant, she signed the papers. Though she was not aware of the content or nature of the papers appellee stated it was possible that one of the instruments which she signed was the "purported" promissory note. Appellee alleged further that she received no consideration for signing the note.

Appellee testified as to the circumstances surrounding the origin of the note. In addition to facts supporting her allegations in the supplemental petition appellee testified that appellant had always handled the financial affairs during the thirty-eight years of their marriage and that she had always trusted him. Appellant's testimony concerning the origin of the note was completely contrary to that of appellee's.

■■ In a nonjury case the trial court is the judge of the credibility of the witnesses and the weight to be accorded their testimony. Where there is evidence of probative force to support the findings and the judgment of the trial court, such findings will not be disturbed even though the evidence is conflicting and the reviewing court might have concluded otherwise. Corn v. First Texas Joint Stock Land Bank, 131 S.W.2d 752 (Tex.Civ.App.1939, writ ref'd). We are convinced from a review of the statement of facts that the findings of the trial court are supported by probative evidence.

The judgment is affirmed.

Affirmed.