Cora Margrett EARP, Appellant,

v.

Alvin D. EARP and Ullaine Walker, Executrix, Appellees.

No. 2–84–144–CV.

Court of Appeals of Texas, Fort Worth.

April 10, 1985.

Dennis G. Brewer, Inc. and Dennis G. Brewer, Sr., Irving, for appellant.

Banner, McIntosh & Dobbs and Garry Dobbs, Wichita Falls, Glen Jones, Bowie, for appellees.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

ASHWORTH, Justice.

This is a proceeding in the nature of a bill of review arising out of a divorce case.

We affirm.

In the Spring of 1981, appellant sued her husband, Alvin D. Earp, now deceased, for divorce and a property division. Matters pled by both husband and wife consisted of the allegations usual in the case of "no fault" divorce proceedings.

On September 24, 1981, the trial court entered the first decree of divorce and divided the community property of the parties. The court, on its own motion, entered an order for nunc pro tunc judgment on February 9, 1982. The community property division in this judgment is the same as in the first decree of divorce except for the correction of clerical errors in the form of legal descriptions. Eight days later, on February 17, 1982, the trial court entered an order granting a new trial. Subsequent to the granting of the new trial, the trial court entered a second decree of divorce.

On November 24, 1982, this Court rendered an opinion holding that the nunc pro tunc judgment of February 9, 1982 was only the correction of clerical errors in the

September 24, 1981 judgment. We noted that the trial court committed an obvious error by granting a new trial almost five months after the entry of the original judgment of divorce.

On April 11, 1983, appellant filed her petition for bill of review complaining of the unequal division of community property. A pretrial hearing was had on appellant's first amended petition for bill of review. Subsequent to this pretrial hearing, the trial court entered an order dismissing appellant's petition. Appellant then timely filed a motion for new trial which was overruled and appellant timely perfected her appeal to this court.

■■■ A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). *See McEwen v. Harrison*, 162 Tex. 125, 131–32, 345 S.W.2d 706, 709–10 (1961). In order to be successful upon a bill of review, the complainant must allege and prove: "(1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own." *Baker*, 582 S.W.2d at 406; *Alexander v. Hagedorn*, 148 Tex. 565, 568, 226 S.W.2d 996, 998 (1950). It is not necessary that the complainant prove his meritorious defense by a preponderance of the evidence. *Baker*, 582 S.W.2d at 408.

■■■ The trial procedure to be utilized is as follows. In order to invoke the equitable powers of the court, the bill of review complainant must file a petition. Such petition must allege factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. *Id.* The complainant must further allege, with particularity, sworn facts sufficient to constitute a defense to the original judgment and, as a pretrial matter, present prima facie proof to support the contention. *Id.* This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious "full blown" examination of the merits. *Id.*

■■■ A prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered. *Baker*, 582 S.W.2d at 409. This is a question of law for the court. *Id.* Prima facie proof may be comprised of documents, answers to interrogatories, admissions and affidavits on file along with such other evidence that the trial court may receive in its discretion. *Id.* The bill of review defendant may respond with like proof showing that the defense is barred as a matter of law, but factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination. *Id.* If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case. *Id.*

In point of error one, appellant contends that the trial court erred in overruling her motion for new trial because appellant presented prima facie proof of a meritorious defense to the cause of action alleged to support the divorce judgment. It appears from appellant's brief that this prima facie defense is that the division of property, pursuant to the final decree of divorce, is unequal inasmuch as she only received 37% of the community property while her ex-husband received 63%. In support of this contention, appellant states that her pleadings and proof, offered at the original divorce trial as well as at the pretrial hearing on her petition for bill of review, coupled with the absence of any evidence in the original divorce trial warranting an unequal property division, constitute prima facie proof of a meritorious defense.

We find that appellant is basically contending that the trial court abused its discretion in its division of the parties' community property. Abuse of discretion is not a proper subject for a bill of review. Accordingly, we hold that appellant has not set forth a meritorious defense and her point of error one is hereby overruled. Since it is incumbent upon appellant in a bill of review proceeding to establish a prima facie meritorious defense to the original judgment and appellant has failed to do so, we need not address appellant's other points of error.

Judgment is affirmed.