Karl BORGERDING, Appellant,

v.

Kathleen GRIFFIN, Appellee.

No. 13–85–503–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

Francisco J. Rodriguez, Rodriguez, Partida, Pruneda & Abrego, McAllen, Allen B. Odem, Mission, for appellant.

Terry D. Key, Weslaco, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a judgment denying an equitable petition for bill of review. The parties were divorced in May of 1982. In August 1983, appellee wife commenced this action by filing a petition for bill of review. The appellant husband answered and filed his own petition for bill of review. Appellee subsequently dismissed her petition and urged by motion the setting aside of appellant's petition.

The trial court conducted a pre-trial hearing on the motion to set aside and apparently denied the motion because it set and conducted a full hearing on appellant's petition. The trial court subsequently denied the husband's petition for bill of review. Appellant husband brings this appeal.

A bill of review is an independent equitable action brought by a party to a previous suit seeking to set aside a judgment which is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). To be successful, a party seeking a bill of review must prove: 1) a meritorious defense to the cause of action alleged to support the judgment; 2) which the complainant was prevented from making by the fraud, accident or wrongful act of the opposite party; and 3) unmixed with any fault or negligence of his own. *Baker v. Goldsmith*, 582 S.W.2d at 406–07; *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950).

Initially, a complainant must present proof of a meritorious defense to the former suit before a trial court will conduct a "full blown" examination of the

merits of the bill of review. However, a complainant need not prove a meritorious defense by a preponderance of the evidence, but must merely make a prima facie showing that, disregarding contrary evidence, he would be entitled to judgment upon retrial.

■ Upon making a prima facie showing of a meritorious defense, the complaint must establish by a preponderance of the evidence that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party unmixed with negligence on the complainant's part. Once a complainant has satisfied all three elements, the trier of fact will then consider whether the original plaintiff proved all the elements of the original cause of action.

In the instant case, appellant alleged, as his meritorious defense to the original agreed divorce decree, that his former wife did not declare all of her assets in the Inventory and Appraisement she filed in the divorce action. He alleged she hid money from him in secret bank accounts. He further alleged that appellee prevented him from asserting his rights to his separate property and his share of the community estate by trickery and fraud. Appellant claims that, during an overnight recess from the taking of appellee's deposition in the divorce case, he and appellee entered into a secret oral agreement whereby he would not continue to contest the divorce and enter into a property settlement that would give appellee "everything." In return, appellee supposedly agreed that they would remarry after the divorce and live together as man and wife and share the marital property as before. Appellant has also filed, in another court, a separate lawsuit alleging a common-law marriage and seeking another divorce from appellee. That action is still pending.

According to appellant, he entered into the agreed property settlement based upon appellee's representations. He alleges that appellee never intended to live up to the agreement and that the agreement was a ploy to defraud him of his rights in the marital estate. He asserts he was not neg- ligent in failing to discover the bank accounts or in not asserting his property rights in the original divorce suit. He claims he had no knowledge of appellee's secret bank accounts or of her true motives in entering into this oral agreement.

We note that the agreed divorce decree did award the great bulk of the marital estate to the appellee wife. The record reflects that the great bulk of the marital estate consisted of appellee's separate property. Although appellant now complains that he was deprived of the opportunity to assert his rights in his separate property, the record does not reflect that he had any separate property. In fact, the agreed divorce decree provided that each party would retain their own separate property. Further, he has not specified in which assets he had a community interest. He argues that the community estate was substantial, but most of the property in which the community had an interest was acquired with appellee's separate funds.

The trial court made the following findings of fact which are relevant to this appeal:

### FINDINGS OF FACT

\*　　\*　　\*　　\*　　\*　　\*

2. The parties entered into an Agreed Divorce Decree.

\*　　\*　　\*　　\*　　\*　　\*

4. The [appellee] and her attorney appeared at the time of final [divorce] hearing. The [appellant] did not appear but his attorney of record ... appeared for him.

5. At the divorce hearing [appellant's] attorney represented that [appellant] had agreed to the terms of the division of the community estate.

6. On or about April 9, 1984, almost two (2) years later, [appellant] filed his Cross-Petition to set aside the division of property pursuant to the Agreed Divorce Decree.

\*　　\*　　\*　　\*　　\*　　\*

9. [Appellant] and [appellee] did not reach an agreement on or about the date of [appellee's] deposition which provided that after the rendition of the Agreed Divorce Decree the parties would resume living together as man and wife and would share and share alike in the property designated by [appellant] as community property.

10. [Appellant's] belief of such agreement, if any, was made without benefit of advice of the lawyers and [appellant's] alleged agreement was made with no other witnesses other than the parties.

11. That the [appellant] did not inform his attorney of the existence of the alleged agreement, but rather authorized his attorney to represent to the Court that [appellant] had agreed to the terms of the property division of the estate of the parties.

The trial court made the following conclusions of law:

## CONCLUSIONS OF LAW

1. The Court concludes that any meritorious claim or defense of [appellant] was voluntarily relinquished by [appellant] when he entered an Agreed Divorce Decree as represented by his attorney of record.

2. That the [appellant] failed to carry his burden of proof as to the existence of an agreement on or about the date of [appellee's] deposition which provided that after the rendition of the Agreed Divorce Decree the parties would resume living together as man and wife and would share and share alike in the property designated by [appellant] as community property.

3. The Court concludes that no agreement existed between the parties prior to the entry of the Divorce Decree that induced [appellant] to agree to the division of the property of the estate of the parties.

4. That, even if such agreement existed, the [appellant] was negligent in failing to advise his attorney of such agreement.

5. That [appellant] was negligent in authorizing his attorney to represent to the Court that he agreed to the division of property as incorporated in the Agreed Divorce Decree. That because of such negligence, the complained of judgment was entered.

6. The Court does not find any extrinsic fraud was practiced by the [appellee] and the [appellant] therefore fails to carry his burden on the Bill of Review.

■ By his sixth point of error, appellant brings a factual sufficiency challenge to the trial court's ninth finding of fact that the parties did not reach an agreement to the effect that after the divorce they would resume living together and would share alike in property appellant designated as community property. In his seventh point of error, appellant brings factual sufficiency challenges to the trial court's second and third conclusions of law wherein the court ruled that appellant failed to carry his burden to prove the existence of the agreement. He also brings a factual sufficiency challenge to the trial court's sixth conclusion of law in which the court determined appellee did not engage in extrinsic fraud toward appellant. All three of these points concern the trial court's determination that appellant failed to prove an essential element of his case: that appellee's fraud prevented him from asserting his property rights. He had the burden to prove this element by a preponderance of the evidence.

In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex. 1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960). In a case tried to the court, where there is evidence of probative force to support the findings and judgment of the trial court, such findings will not be

disturbed even though the evidence is conflicting and the reviewing court may have concluded otherwise. *Flato Electric Supply Co. v. Grant*, 620 S.W.2d 915, 917 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Mott v. Mott*, 520 S.W.2d 429, 431 (Tex.Civ.App.—Austin 1975, no writ).

■ The evidence concerning this agreement essentially boils down to appellant's word against appellee's. Appellee denies making any such agreement. Appellant concedes the agreement was oral, there were no witnesses to it, and he did not inform his attorney of it. Appellant claims he and appellee did resume living together as husband and wife after the divorce. He argues that this goes to prove the existence of the agreement. Appellee denies they resumed living together. She claims she allowed appellant to work on the farm because she became ill and needed help, but that they did not live together as husband and wife.

Appellant points to the fact that the divorce decree changed appellee's surname to her maiden name. He presented evidence of instances where she continued to use her married name after the divorce. Appellee explained that she used her married name only in reference to property listed or registered in her married name.

Appellant admitted into evidence a "love letter" written by appellee in which she professes her love for him and states that she is anxious for him to come home. The letter was dated after the divorce. Appellee denied writing the letter after the divorce and stated that the date on the letter was not written in her handwriting. Appellant admitted that he supplied the date on the letter.

Lastly, appellant claims that the fact that the parties executed a renewal and extension of a real estate note after the divorce also goes to prove the existence of the agreement. He claims he would not have executed the extension unless he believed the real property was one-half his. The initial outlay of money to purchase the subject property was made with appellee's separate funds. A note was taken on the balance in both parties' names. The debt was a community debt. By executing a loan extension, appellant was not assuming a new debt, only extending one on which he was already personally liable.

None of appellant's evidence proves the existence of the agreement. In a non-jury case, the trial court is the judge of the credibility of the witnesses and the weight to be accorded their testimony. We find that there is ample probative evidence in the record to support the trial court's finding of facts. We conclude that the trial court's conclusions of law numbers two, three and six are correct, and are based upon substantial evidence. Appellant's fifth, sixth and seventh points of error are overruled.

■ If appellant's argument is that it was appellee's "secreting" of bank accounts that was the fraud which prevented him from asserting his rights in the community estate, we find that he has again failed to meet his burden. The record reflects that there were two bank accounts appellee used for her own benefit. One was in her mother's name, and the other was in a friend's name. Both accounts contained funds supplied by appellee's mother. Her mother maintained these accounts so that appellee would be able to pay living expenses. Appellee did admit that she deposited several of her paychecks earned during the marriage into one of these accounts. There is no evidence of how much these deposits amounted to, and there is no way to calculate the extent of the community interest in the accounts.

■ In order to vacate a final judgment, a complainant must show the fraud perpetrated on him was extrinsic fraud. *Bankston v. Bankston*, 251 S.W.2d 768, 772 (Tex.Civ.App.—Dallas 1952, no writ). Extrinsic fraud means fraud in the means whereby a judgment was procured and not fraud in the cause of action or a matter put in issue and presented for adjudication. *Rylee v. McMorrough*, 616 S.W.2d 649, 652 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ dism'd). It is the sort of fraud which

prevented the losing party from either knowing of his rights or defenses or having a fair opportunity to present them at trial. *Chapman v. Chapman*, 591 S.W.2d 574, 577 (Tex.Civ.App.—Fort Worth 1979, no writ).

 Generally, misrepresentations about the nature and value of marital assets, even those which mislead a party into agreeing to an unjust property division, are considered to be intrinsic instead of extrinsic fraud because they obviously relate to matters at issue in the former trial.

 In point of error number one, appellant complains the trial court erred in failing to grant a bill of review because, as of the date he filed his petition for bill of review, both parties were before the court seeking bills of review, each alleging the divorce was obtained by the fraud of the other party, and, therefore, the trial court was required to grant an "order nihil dicit" setting aside the divorce decree. As appellant states in his brief, a true *nihil dicit* judgment is limited to situations where either the defendant has entered some plea, usually dilatory in nature, but the pleading has not placed the merits of the plaintiff's case in issue, or the defendant has placed the merits of the case in issue by filing an answer, but has withdrawn the answer. *Frymire Engineering Co. v. Grantham*, 524 S.W.2d 680, 681 (Tex.1975); *see also Gomperts v. Wendeborn*, 427 S.W.2d 904, 905 (Tex.Civ.App.—Austin 1968, no writ). While appellant cites valid authority, it has no relevance to the instant case.

 First of all, neither of the parties requested a *nihil dicit* judgment. Second, both parties participated in the original divorce proceeding that resulted in an agreed settlement which appellant signed. Appellant also participated in the bill of review proceedings, and, in fact, was the petitioner. A *nihil dicit* judgment would be a completely inappropriate order in this case.

 In his eighth point of error, appellant complains that the trial court erred in concluding that he was negligent in failing to assert his meritorious defense in the former suit. Appellant admitted that, though he was represented by an attorney during the divorce proceeding, he did not inform his attorney of the "oral agreement" he made with appellee. He admitted that he instructed his attorney to represent to the trial court that he agreed to the terms of the divorce settlement; now he claims that was not his intent.

Because suits seeking to vacate final judgment tend to undermine the finality of judgments and the administration of justice, such suits will only be allowed on narrow and restricted grounds. *Alexander v. Hagedorn*, 226 S.W.2d at 998. Thus, a complainant is required to show sufficient excuse for not requesting relief from the judgment before it became final. *See Bankston*, 251 S.W.2d at 771–72. Based on the evidence in the record, we find the trial court properly concluded that appellant was negligent in failing to assert his rights in the original divorce suit. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.