Haden **LAMBERT**, Appellant,

v.

**COACHMEN INDUSTRIES OF TEXAS, INC.**, Appellee.

No. C14–87–813–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 3, 1988.

Rehearing Denied Nov. 23, 1988.

John Lee Arellano, Robert Schartz, Houston, for appellant.

David L. Whaley, Arlington, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from the trial court's decision to grant a bill of review, set aside a post-answer default judgment against Appellee and enter a take-nothing judgment in Appellant's deceptive trade practices action. We affirm.

Appellant asserts four points of error on appeal. In his first point of error, Appellant contends the trial court erred in denying Appellant the right to a trial by jury.

Tex.R.Civ.P. 220 provides in pertinent part that:

> When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested....

This rule has been interpreted to require some affirmative action be taken by any party desiring a jury trial. *Green v. W.E. Grace Manufacturing Company*, 422 S.W. 2d 723, 726 (Tex.1968). Therefore, unless an objection is made to the withdrawal of a case from the jury docket, the non-requesting party has no right to a jury trial. *Green v. W.E. Grace Manufacturing Company*, 422 S.W.2d at 726. Thus, waiver of a jury trial may be shown by mere acquiescence to the withdrawal of a jury request by the opposing party. *See Webb v. Webb*, 602 S.W.2d 127, 129 (Tex.Civ.App. —Austin 1980, no writ); *see also Richardson v. Raby*, 376 S.W.2d 422, 425 (Tex.Civ. App.—Tyler 1964, no writ).

The record reflects that Appellee filed its bill of review on May 26, 1987, and paid a jury fee on June 2, 1987. A hearing on the issue of a meritorious defense was held on July 8, 1987. At this hearing, Appellee withdrew its request for a jury trial. Appellant made no objection. The court heard testimony on the bill of review, argument from both attorneys, and then found that Appellee had a meritorious defense to the original cause of action. Following the July 8 hearing, Appellee's attorney forwarded a letter to Appellant's counsel recapitulating the actions taken at the July 8 hearing, and calling attention to his waiver of a jury trial.

A hearing on the remaining issues was set for the non-jury week of July 17, 1987. Appellant's counsel appeared at the hearing and for the first time objected to proceeding without a jury. Appellant's attorney admitted that he was present at the July 8 hearing when Appellee withdrew its request for a jury trial, and that he received the letter from Appellee's attorney which expressly noted that a jury trial had been waived. The trial court heard the arguments and authorities of both parties and held that Appellant had waived his right to a jury trial. The trial of the remaining issues was then conducted to the court. We hold that Appellant failed to timely object to the removal of the case from the jury docket and thereby waived his right to a jury trial. *See Sheth v. White*, 722 S.W.2d 805 (Tex.App.—Houston [14th Dist.] 1987, no writ).

Under Tex.R.Civ.P. 216, the absolute right to a jury trial ends on appearance day. The right to a jury trial after appearance day requires a showing that the request was made and jury fee paid a reasonable time before the date set for trial on the non-jury docket. *Olson v. Texas Commerce Bank*, 715 S.W.2d 764, 767 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Whether a defendant receives a jury trial after a non-jury docket certification is within the discretion of the trial judge. *Olson v. Texas Commerce Bank*, 715 S.W.2d at 767. Although Appellant received notice of Appellee's waiver of a jury trial, he failed to file a jury request or object to the withdrawal of the case from the jury docket until July 17, the date the case was set for trial to the court. We find no abuse of discretion in denying Appellant a trial by jury. Point of error one is overruled.

In his remaining points of error, Appellant maintains that the trial court erred in sustaining Appellee's bill of review because there was no evidence, or insufficient evidence, offered to prove that Appellee: (1) had a meritorious defense to the original cause of action; (2) was prevented, by fraud, accident or wrongful act of the opposite party, or due to official mistake, from participating in the trial of the underlying lawsuit upon which Appellant took judgment; and (3) was not negligent in the manner in which it allowed the underlying judgment to become final.

A bill of review is an equitable proceeding by a party to a former action who seeks to set aside a judgment which is no longer appealable or subject to a motion for new trial. *Transworld Financial Services Corp. v. Briscoe*, 722 S.W.2d 407 (Tex.1987). A bill of review petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own. *Transworld Financial Services Corp. v. Briscoe*, 722 S.W.2d at 408; *Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex.1979). The petitioner must as a pre-trial matter plead and establish a prima facie meritorious defense. *Baker v. Goldsmith,* 582 S.W.2d at 408. A prima facie meritorious defense is established when it is determined that the petitioner's defense is not barred as a matter of law and that he will be entitled to judgment upon retrial if no evidence to the contrary is offered. This is a question of law for the court. *Baker v. Goldsmith*, 582 S.W.2d at 408–09. Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file with the court along with such other evidence as the trial court may receive in its discretion. *Baker v. Goldsmith*, 582 S.W.2d at 409.

The record shows that Appellee alleged as its meritorious defense that Appellant's cause of action is barred by the two year statute of limitations of the Deceptive Trade Practices Act, and that Appellant failed to comply with the notice and demand provisions of the Deceptive Trade Practices Act. The trial court conducted a pre-trial hearing on the issue of a meritorious defense, concluded that Appellee had presented a prima facie meritorious defense and entered findings of fact and an order to that effect. The court further found that Appellant's cause of action against Appellee was barred by the statute of limitations, and that Appellant failed to make demand upon Appellee in accordance with the requirements of Tex.Bus. & Com. Code Ann. § 17.505(a) (Vernon 1987). This is a prerequisite to suit under the Deceptive Trade Practices Act.

The statement of facts from the July 8, 1987, hearing has not been included in the record on appeal. When the complaint on appeal is that the evidence is legally or factually insufficient to support vital findings of fact, the burden of Appellant to bring forward the statement of facts cannot be discharged in the absence of a complete or agreed statement of facts. *Goodin v. Geller*, 521 S.W.2d 158, 159 (Tex. Civ.App.—Waco 1975, writ ref'd n.r.e.); *See Hess Die Mold, Inc. v. American Plasti–Plate Corp.*, 653 S.W.2d 927, 930 (Tex.App.—Tyler 1983, no writ). The reviewing court must presume that sufficient evidence was introduced to support the trial court's findings of fact and conclusions of law. *Alexander v. Barlow*, 671 S.W.2d 531, 535 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). Point of error two is overruled.

Where the trial court determines that a prima facie meritorious defense has been shown, it then conducts a trial on the remaining issues. *Baker v. Goldsmith*, 582 S.W.2d at 409. The petitioner has the burden of proving by a preponderance of the evidence that the judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with any negligence of his own. *Baker v. Goldsmith*, 582 S.W.2d at 409. Only extrinsic fraud will entitle a petitioner to relief in a bill of review proceeding. *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984); *Williams v. Adams*, 696 S.W.2d 156, 159

(Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Extrinsic fraud warranting the setting aside of a final judgment has been defined as "that fraud which denies a losing litigant the opportunity to fully litigate his rights or defenses upon trial." *Montgomery v. Kennedy*, 669 S.W.2d at 312. In other words, extrinsic fraud refers to the manner in which the judgment was procured. *Phillips v. Hopwood*, 329 S.W. 2d 452, 455 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.). Fraudulent failure to serve a defendant with personal service, in order to obtain a judgment against him without actual notice to him, has been held to be extrinsic fraud. *Forney v. Jorrie*, 511 S.W.2d 379, 384–385 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.). Failure of opposing counsel to notify all opposing parties of a trial setting has also been found to be extrinsic fraud. *Phillips v. Hopwood*, 329 S.W.2d at 455. In contrast, intrinsic fraud relates to the merits of the issues and includes false testimony, false instruments and any fraudulent matter that is presented and considered in rendering judgment. *Raney v. Mack*, 504 S.W.2d 527, 533 (Tex.Civ.App.—Texarkana 1973, no writ).

 The record before us reflects that Appellant filed his Amended Original Petition, naming Appellee as a second defendant in his DTPA suit, on December 16, 1985. Appellee answered, alleging as affirmative defenses that: (1) the action was barred by the two year statute of limitations of the DTPA and (2) Appellant failed to comply with the notice and demand requirements of the DTPA. Appellee's subsequent Motion for Summary Judgment based upon these same affirmative defenses was granted on May 6, 1986, and Appellant's cause of action against Appellee was dismissed with prejudice.

However, Appellant's attorney, Mr. Arellano, prepared and presented at the trial of the cause of action against the remaining defendant a Motion to Set Aside Interlocutory Order and requested that the Summary Judgment in favor of Appellee be set aside. This motion did not contain the certification required by TEX.R.CIV.P. 72 that a copy of the motion had been delivered or mailed to Appellee or its attorney. Further, Mr. Arellano admitted at the bill of review trial that he never served this motion upon Appellee or his attorney and failed to provide any notice to Appellee that he intended to present such a motion to the court. TEX.R.CIV.P. 21a requires that any motion submitted to the court must be delivered to opposing counsel either in person or by certified mail. *Tramco Enterprises, Inc. v. Independent American Savings Assn.*, 739 S.W.2d 944, 947 (Tex.App.—Fort Worth 1987, no writ).

The Motion to Set Aside was presented to a visiting judge, not the judge of that court who heard Appellee's Motion for Summary Judgment. Appellee's attorney knew of the setting; however, his client was no longer a party to that lawsuit and he had been informed by the district clerk that it was unnecessary for him to appear at this setting. Appellant's attorney argued the same authorities to the visiting judge that the original judge found unpersuasive in the Response to Appellee's Motion for Summary Judgment. The visiting judge set aside the prior order dismissing Appellee as a party to the suit and he granted a default judgment against Appellee on Appellant's claim. Mr. Arellano failed to provide a copy of this judgment to Appellee. Appellee's counsel testified that he received no notice of the judgment against Appellant until Mr. Arellano attempted to execute on Appellee's property in Gregg County, Texas. This attempted execution took place after the expiration of the time in which this judgment could have been appealed. TEX.R.CIV.P. 306a(4).

The trial judge who heard the bill of review case was the same judge who heard Appellee's Motion for Summary Judgment. The judgment on bill of review contained findings by the court that: (1) Appellee was not sent and did not receive notice of Appellant's Motion to Set Aside Interlocutory Judgment; (2) Appellee did not receive notice of the default judgment rendered against it within thirty days of rendition of that judgment; (3) Appellee did not receive a final conformed copy of the default judgment rendered against it in the case within

thirty days of rendition of that judgment; (4) Appellee did not receive notice of the default judgment rendered against it within six months of rendition; (5) the default judgment rendered against Appellee was rendered as a result of an official mistake unmixed with any negligence on the part of Appellee; (6) the default judgment rendered against Appellee was rendered as a result of fraud, accident or wrongful act of the opposing party unmixed with any negligence of Appellee; and (7) Appellee is entitled to relief by bill of review from the prior default judgment. The court noted on the docket sheet that Mr. Arellano "knew at all times, [and] was present at [the Summary Judgment] Hearing, that Coachmen was no longer a Party in [the first] Action, yet he continued to prosecute his "case" [against] Coachmen—Ethics question here, also."

We hold that there is sufficient evidence in the record to support the trial court's finding that Appellee was prevented from presenting its meritorious defense as a result of fraud, mistake, accident or wrongful act of the opposing party. A party is entitled to fair notice of the pleadings upon which a judgment is rendered against him, and this rule is applicable in favor of a defendant against whom a post-answer default judgment is rendered. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex.1979); *Williams v. Holley*, 653 S.W.2d 639, 640–641 (Tex.App.—Waco 1983, writ ref'd n.r. e.); *See Tramco Enterprises, Inc. v. Independent American Savings Ass'n*, 739 S.W.2d 944. The uncontradicted evidence before us affirmatively shows that Appellee did not have due notice that Appellant intended to contest the trial court's previous order dismissing Appellee as a party to the action. Appellee had no opportunity to participate in the events leading up to the default judgment and was prevented from presenting a meritorious defense by the failure of Appellant's attorney to provide Appellant with the required notice. Point of error three is overruled.

 Appellant also asserts that Appellee's counsel was negligent in not checking the final judgment. He asserts that in the absence of affirmative evidence that notice of the judgment was not mailed, we should presume that the notice was mailed. The District Clerk's computer record, Defendant's Exhibit 2 at the bill of review trial, shows that the copy of the post card notice indicating that a final judgment had been signed was mailed to Appellee's counsel. However, Appellee's counsel testified that he did not receive this notice. He further testified that he had no notice of the judgment until after the appellate timetables had run. Appellee's counsel then immediately took action to have the judgment overturned. The test on review is whether the litigant and his counsel used such care as that which prudent and careful men would ordinarily use in their own cases of equal importance. *Conrad v. Orellana*, 661 S.W.2d 309, 313 (Tex.App.—Corpus Christi 1983, no writ).

We find that there is sufficient evidence to support the trial court's finding that the judgment rendered was not a result of negligence by Appellee. Appellee inquired of the status of his case prior to the trial date and was told by the District Clerk that because of the Dismissal Order he need not appear. While Appellee's counsel might not be justified in relying upon this advice, in view of the fact that he had no notice of Appellant's intention to contest the court's Summary Judgment Order dismissing Appellee as a party, we cannot say that Appellee was negligent in failing to appear for trial. When the judge granted the summary judgment and removed Appellee from the lawsuit, there was no reason for the Appellee to suspect that another judge, without notice and hearing, would set aside that judgment and render judgment against Appellee. Indeed, Appellant's expert witness at the bill of review trial testified that he "probably would not appear at trial if some court functionary told me not to appear at trial." Finally Appellee received no notice that a final judgment had been entered in the suit until the attempted execution on its property. The trial court did not err in sustaining the bill of review. Point of error four is overruled.

Appellee asserts as a cross-point of error that Appellant failed to present evidence to sustain a finding of liability against Appellee on the original cause of action by Appellant.

It is well-settled that where the trial court determines that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party unmixed with negligence on the petitioner's part, the bill of review defendant has the burden of proving the elements of his original cause of action. *Baker v. Goldsmith*, 582 at 409. The record shows that after the trial court held that Appellee had sustained its burden of proof on the bill of review, Appellant presented no evidence to prove a cause of action against Appellee. The trial court correctly found that Appellee was suffering under a wrongfully obtained judgment, that the judgment was unsupported by the evidence and it correctly sustained Appellee's bill of review and entered a take-nothing judgment for Appellee.

Accordingly, the judgment of the trial court is affirmed.