**K.B. VIDEO AND ELECTRONICS, INC., Appellant,**

v.

**Richard NAYLOR, Appellee.**

No. 07–92–0219–CV.

Court of Appeals of Texas, Amarillo.

Feb. 5, 1993.

Rehearing Overruled Feb. 25, 1993.

W. Randolph Elliott, Dallas, for appellant.

Nickum & Naylor, Richard C. Naylor, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Appellant K.B. Video and Electronics, Inc. challenges the trial court's summary judgment denying its petition for bill of review of a default judgment entered in favor of appellee Richard Naylor.

In the suit giving rise to the default judgment, appellee, a resident of Amarillo, alleged he wanted to purchase an audio-video receiver and contacted several sellers to compare prices and terms. On or about September 19, 1990, appellee contacted appellant, a New Jersey corporation conducting an electronics mail order business, regarding the purchase of a Pioneer VS9700S audio-video receiver. Appellant's principal place of business is in Matawan, New Jersey. It places sales solicitations for its products and services in nationally circulated magazines which are delivered to Texas residents. It was through such a sales solicitation that appellee learned of appellant.

According to appellee, he and appellant had several telephone conversations regarding the price and terms of sale of the audio-video receiver. On or about September 26, 1990, the final terms of the sales agreement were reached. Appellee immediately faxed a confirmation letter to appellant to avoid any misunderstanding of the terms. In this letter, appellee stated that the parties agreed the unit would be shipped within 24 hours, and delivered to appellee within six working days.

Subsequently, according to appellee, appellant notified him that the unit ordered was not in stock and would not be shipped as scheduled, but represented that it would be shipped by October 1, 1990. Based upon this representation, appellee agreed to the extension. On October 2nd, appellee learned that the unit had not been shipped. Appellant advised appellee that it was not bound by the terms represented over the phone nor the terms in the written confirmation. Further, appellant informed appellee that it would make no further effort to comply with those terms.

On October 15, 1990, appellee filed suit against appellant for breach of contract and fraud, as well as for mental anguish and punitive damages because of appellant's tortious conduct. On November 1, 1990, appellant, acting through its non-lawyer president, filed a pro se answer to the suit denying appellee's material allegations.

On February 1, 1991, the trial court entered a default judgment awarding appellee the sum of $40,706.09 in damages. In doing so, the trial court apparently relied upon the holding in *Globe Leasing, Inc. v. Engine Supply & Machine Serv.*, 437 S.W.2d 43, 45 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ), and other cases of like ilk, that a corporation may not appear in court through its officers who are not attorneys.

The district clerk sent notice of the judgment to appellant on February 4, 1991. On February 7, 1991, by letter, appellant requested a copy of the judgment. On February 27, 1991, appellant mailed to the clerk an instrument denominated "Certification of Defendant in Opposition to Entry of Judgment." For the reasons hereinafter discussed, we affirm the decision of the trial court.

In the first three of its four points of error, appellant alleges that the trial court erred and abused its discretion in denying appellant's petition for bill of review. In its fourth point, appellant posits that the trial court erred in concluding that it failed to show its entitlement to a bill of review,

granting summary judgment, and also in overruling its motion for new trial subsequent to the entry of summary judgment.

As a basis for a bill of review, appellant alleged first that the hearing at which a default judgment was granted was held without notice to it, and that the testimony produced at the hearing would not support an award of unliquidated damages. Second, appellant listed various allegations concerning its contacts with appellee which, it asserted, established a meritorious defense to the suit. Third, if an improper answer was filed, appellant maintained that such failure to comply with the rules was not intentional, but rather was made in reliance upon the language in the citation which provided a default judgment could result "if you or your attorney" failed to file an answer. Additionally, appellant asserted that it had never been advised by the court or clerk of the insufficiency of its answer, and had been advised by its corporate attorney that such an answer was sufficient.

Fourth, appellant alleged that after judgment was entered, it contacted the district clerk "who advised Plaintiff's President that the reason the Judgment was entered was that the Presiding Judge did not like his Answer and that, if he wished to object to the same, he should file a sworn statement objecting to the entry of said Judgment." It was in response to this information, appellant claimed, that it filed its "Certification of Defendant in Opposition to Entry of Judgment." Finally, after filing its "Certification," appellant heard nothing further until May of 1991 when it received notification of a suit filed by appellee in New Jersey to domesticate its judgment.

■■■ A bill of review is an independent equitable action brought by a party to a previous suit seeking to set aside a judgment which is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979); *Borgerding v. Griffin*, 716 S.W.2d 694, 695 (Tex.App.—Corpus Christi 1986, no writ).[1]

1. In pertinent part, Rule 329b(f) of the Texas Rules of Civil Procedure specifically provides:

This method of directly attacking a judgment is designed to prevent manifest injustice. *Law v. Law,* 792 S.W.2d 150, 153 (Tex.App.—Houston [1st Dist.] 1990, writ denied). However, a petition for bill of review will not be granted merely because it appears that an injustice has been done. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950); *Williams v. Adams,* 696 S.W.2d 156, 159 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Bills of review seeking relief from otherwise final judgments are scrutinized by courts of equity "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted" because it is fundamentally important that some finality be accorded to judgments. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d at 996; *Montgomery v. Kennedy,* 669 S.W.2d 309, 312 (Tex.1984).

■ To successfully challenge a judgment by bill of review, the petitioner must prove: (1) a meritorious defense to the cause of action, (2) which the complainant was prevented from making by the fraud, accident or wrongful act of the opposite party, and (3) unmixed with any fault or negligence of his own. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989); *Baker v. Goldsmith,* 582 S.W.2d at 406–07; *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d at 998; *Borgerding v. Griffin,* 716 S.W.2d at 695. The second requirement has been qualified in cases where there has been reliance on the erroneous official information given by a court official preventing the filing of a motion for new trial. *Baker v. Goldsmith,* 582 S.W.2d at 407; *Gracey v. West,* 422 S.W.2d 913, 915–16 (Tex.1968); *Williams v. Texas Com. Bank–First State,* 766 S.W.2d 344, 346 (Tex.App.—El Paso 1989, no writ). In such instance, the bill of review petitioner is excused from showing wrongful conduct, fraud or accident of the opposing party. *Id.* It is essential in a bill of review proceeding that the complainant make the allegation and prove that he has not been guilty of a lack of diligence in failing to avail himself of any means to set the judgment aside. *Magan v. Hughes Television Network, Inc.,* 727 S.W.2d 104, 105 (Tex. App.—San Antonio 1987, no writ).

■ In order to attack a judgment by bill of review, the petitioner must initially file a petition alleging factually and with particularity that the prior judgment was rendered as a result of fraud, accident or wrongful act of the opposite party. *State v. 1985 Chevrolet Pickup Truck,* 778 S.W.2d 463, 464 (Tex.1989). The petitioner must further allege and present prima facie proof of a defense to the cause of action. *Id.*

■ The prima facie evidence of a meritorious defense does not mean proof by a preponderance. A prima facie showing of a meritorious defense means that, disregarding contrary evidence, the petitioner would be entitled to a judgment upon retrial. *Borgerding v. Griffin,* 716 S.W.2d at 696; *Lambert v. Coachmen Industries of Texas, Inc.,* 761 S.W.2d 82, 86 (Tex.App.—Houston [14th Dist.] 1988, writ denied); *Baker v. Goldsmith,* 582 S.W.2d at 409. This is a question of law for the court. *Lambert v. Coachmen Industries of Texas, Inc.,* 761 S.W.2d at 86; *Baker v. Goldsmith,* 582 S.W.2d at 409. Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file with the court, along with such other evidence as the trial court may receive in its discretion. *Id.*

■ The bill of review defendant may respond with like proof showing that the defense is barred as a matter of law. *Baker v. Goldsmith,* 582 S.W.2d at 409; *Earp v. Earp,* 688 S.W.2d 245, 247 (Tex.App.—Fort Worth 1985, no writ). However, factual questions arising out of factual disputes are resolved in favor of the complainant for purposes of this pretrial legal determination. *Id.* If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case. *Id.*

On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law; ...

If a prima facie defense is shown, the court then conducts a trial. *State v. 1985 Chevrolet Pickup Truck,* 778 S.W.2d at 464. At this trial, the petitioner must open and assume the burden of proving by a preponderance of the evidence that the judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake, unmixed with any negligence of his own. *Id.* at 464–65. It is only a showing of extrinsic fraud that will entitle a complainant to relief in a bill of review proceeding. *Montgomery v. Kennedy,* 669 S.W.2d at 309; *Lambert v. Coachmen Industries of Texas, Inc.,* 761 S.W.2d at 86. For purposes of challenging a judgment by bill of review, extrinsic fraud has been defined as that fraud which denies a losing litigant the opportunity to fully litigate his rights or defenses at trial. *Montgomery v. Kennedy,* 669 S.W.2d at 312; *Lambert v. Coachmen Industries of Texas, Inc.,* 761 S.W.2d at 87. That type of fraud refers to the manner in which the judgment was procured. *Lambert v. Coachmen Industries of Texas, Inc.,* 761 S.W.2d at 87.

Extrinsic fraud has been characterized as "collateral" fraud in that it must be collateral to the matter actually tried, and not something which was actually or potentially in issue in the trial. *Montgomery v. Kennedy,* 669 S.W.2d at 312. Some examples of extrinsic fraud include the fraudulent failure to serve a defendant with personal service in order to procure a judgment against him without actual notice or the failure of opposing counsel to notify all opposing parties of a trial setting. *Lambert v. Coachmen Industries of Texas, Inc.,* 761 S.W.2d at 87. Intrinsic fraud, on the other hand, relates to the merits of the issues and includes false testimony, false instruments and any fraudulent matter that is presented and considered in rendering judgment. *Id.*

If the petitioner meets this burden, the factfinder will then determine whether the bill of review defendant, the original plaintiff, has proven the elements of his original cause of action. *State v. 1985 Chevrolet Pickup Truck,* 778 S.W.2d at 465. Once it is found that the petitioner is suffering under a wrongfully obtained judgment that is unsupported by the weight of the evidence, equity is satisfied and the court should grant the requested relief. *Id.*

Since appellee concedes appellant's ability to allege a meritorious defense, the first prong of the tripartite test for entitlement to a bill of review has been established. Thus, we must proceed to consider if the evidence justifies summary judgment on the grounds that appellant failed to meet either or both the second and third prongs of the test.

The standards for review of summary judgments are well established. A defendant to an action seeking a bill of review, such as appellee, moving for summary judgment, must expressly present and conclusively prove all essential elements of his defense as a matter of law. There can be no genuine issues of material fact concerning the right of the plaintiff in that action to a bill of review. In deciding whether there is a material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in its favor. *Montgomery v. Kennedy,* 669 S.W.2d at 310–11.

The summary judgment evidence conclusively establishes that, within the legal purview, there was no extrinsic fraud on the part of appellee. Discussion of the law by appellee, *i.e.,* whether or not he was entitled to a default judgment, does not fall within that category. However, as we have noted above, it is also acceptable for a complainant to allege and prove that he was prevented from presenting his contentions in the former action by a mistake or error of the court or a functionary thereof in the discharge of official duties. *Baker v. Goldsmith,* 582 S.W.2d at 407. Parenthetically, one's own attorney is not an officer of the court for purposes of determining if an official mistake has been made. *Transworld Financial Services v. Briscoe,* 722 S.W.2d 407, 408 (Tex.1987);

*Kelley v. Wright,* 144 Tex. 114, 188 S.W.2d 983, 986 (1945); *Gracey v. West,* 422 S.W.2d at 916. 5 McDonald, Texas Civil Practice § 29.15[b] n. 135 (1992).

As we have noted above, the first of appellant's suggestions is that if an improper answer was filed, the failure was not intentional, but was made in reliance upon the language in the citation which provided that a default judgment could result "if you or your attorney" failed to file an answer. In his affidavit attached to appellant's response to the motion for summary judgment, appellant's president stated that his interpretation of the language of the citation was that a "pro se" answer would be sufficient, and that prior to filing the answer, he confirmed that understanding with his non-resident corporate counsel.

The second suggestion refers to a conversation appellant's president had with a deputy district clerk after receiving notice of the default judgment. In his summary judgment affidavit, he avers:

> I inquired of said person why a Judgment had been entered against K.B. Video in the Original suit, and she said, 'because the Judge didn't like your Answer.' Neither she nor the person from said office, or anyone else, indicated to me that said Judgment had been entered against K.B. Video because the Answer was filed by me as opposed to an attorney licensed to practice in the State of Texas and in that Court. When I inquired of said person what I could do to prevent any further action with respect to said Judgment, she advised that I should file a sworn statement objecting to the entry of said Judgment. She did not indicate any time period within which this should be done, or any other steps that should be taken to prevent the Judgment from becoming final, or any required appeals action.

The affiant went on to say that relying upon this information and with consultation and assistance from corporate counsel, he prepared the instrument denominated as "Certification of Defendant in Opposition to Entry of Judgment," dated and mailed February 27, 1991.

Based upon the information received from the clerk's office, and the advice of his corporate counsel, he concluded that "no further steps needed to be taken to prevent the Judgment from becoming final unless further action was taken by Defendant (the Plaintiff in the Original Suit), with respect to which I would have an opportunity to respond, or that appeals action was required."

In *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d at 998, the Court noted the rule that reliance upon the statements or promises of third persons, even though they may occupy some official position or seem to have better information than the party himself, does not ordinarily entitle one to relief for failing to make a defense. To be entitled to such relief, the reliance must be upon some official duty that the clerk had to act. *Id.,* 226 S.W.2d at 999.

For example, an official mistake may include the clerk's failure to send notice of a dismissal, *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633, 637 (Tex.1974); the misplacement of an original answer, *Baker v. Goldsmith,* 582 S.W.2d at 407; or the failure of the clerk to send the notice of judgment as required by Tex.R.Civ.P. 239a; *Pope v. Moore,* 729 S.W.2d 125, 127 (Tex. App.—Dallas 1987, writ ref'd n.r.e.).

Initially, we cannot agree that the language of the citation in appellee's underlying suit falls within the parameters of the official mistake doctrine. The language of the citation followed Tex.R.Civ.P. 99(c), which prescribes the form of a citation. Any mistake by appellant and his non-resident attorney in interpreting that authorized language would not constitute an "official" mistake. It is the rule that a mistake by the party seeking relief or his counsel does not entitle one to a bill of review. *Jarrett v. Northcutt,* 592 S.W.2d 930 (Tex.1979); *Rodriguez v. Holmstrom,* 627 S.W.2d 198, 200–01 (Tex.App.—Austin 1981, no writ).

Additionally, even viewing the evidence as we must, the summary judgment evidence does not show any other "official" mistake, or reliance on any such mistake, sufficient to dispense with the necessity of

**408**

showing fraud on the part of the opposing party. The evidence is undisputed that appellant received timely and proper notice of the default judgment.

Accepting appellant's evidence about the conversation with the clerk's office at face value does not show reliance upon the clerk's statement preventing appellant from filing a motion for new trial or taking other appropriate trial steps. Indeed, that evidence justifies the conclusion that the conversation alerted him to the necessity for filing some instrument to protect himself. Appellant's president specifically averred that the deputy clerk did not make any statements, or provide any advice on a time period within which such a pleading should be made, or any other steps that should be taken to prevent the judgment from becoming final or "any required appeal action."

Appellant's evidence shows that the "Certification" was not prepared until after the conversation in question and after it consulted with its corporate counsel. That instrument was also deposited in the U.S. Mail within the time limits prescribed for the filing of a motion for new trial. The mistaken conclusion of appellant's president and its counsel that no further steps or contacts were necessary was a mistake not attributable to appellee or any official functionary. It is the traditional rule in this state that once a trial court properly acquires jurisdiction over a party, it is the obligation of that party to keep himself informed of the proceedings in the case. *Thomason v. Freberg,* 588 S.W.2d 821, 825 (Tex.Civ.App.—Corpus Christi 1979, no writ). *See also Dallas Market Center v. The Swing, Inc.,* 775 S.W.2d 838, 840 (Tex. App.—Dallas 1989, no writ).

Thus, no fact question was presented whether appellant had relied upon erroneous information provided by an official court functionary preventing it from taking appropriate measures to protect itself. Neither is a question presented whether a court official failed to perform a required duty. Indeed, appellant's evidence shows that it never contacted the court for a hearing or to determine the disposition of

its "certification" or to determine the status of the case subsequent to the filing of that instrument.

The summary judgment record is sufficient to support the trial court's evident conclusion that appellant was not prevented from showing a meritorious defense to the underlying lawsuit by fraud, accident, or wrongful act of the opposite party. It also shows no evidence that appellant relied upon erroneous official information preventing it from taking appropriate trial steps. That being true, the second prong of the strict tripartite test to establish entitlement to a bill of review has not been made.

We must, therefore, overrule appellant's points of error and affirm the judgment of the trial court.