

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-23-00437-CV

**IN RE TAMMY HARBIN AS DEPENDENT ADMINISTRATRIX OF THE ESTATE OF BENNY D. EADS, TERRI LEE PALSER, AND TIM D. EADS, RELATORS**

## ORIGINAL PROCEEDING

June 5, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Approximately one year, eight months, and twenty-one days after the trial court denied her motion to transfer venue, Tammy Harbin, as dependent administratrix of the estate of Benny D. Eads, Terri Lee Palser, and Tim D. Eads (the Harbins) petitioned this court for a writ of mandamus. The object of the writ is the Honorable Steven Emmert, 31st Judicial District Court, Wheeler County, Texas (trial court). They ask us to "command[] . . . [the trial court] to vacate [its] order denying the motion to transfer venue and to abate and order[] him to execute an order abating this case in favor of the court of dominant jurisdiction, or alternatively for an order transferring the underlying case to the

probate court of Brown County, Texas." "[T]he underlying case" involves a suit for trespass to try title to realty located in Wheeler County. Yet, the realty in question is purportedly part of the testamentary estate of Benny D. Eads, which estate is undergoing probate in Brown County. Therefore, the Harbins moved to transfer the Wheeler County suit to Brown County. The trial court denied the motion after hearing. And, though they also moved to abate the Wheeler County proceeding, we find no order granting or denying that request. We deny the petition for the following reasons.

Preliminarily, we accept the Harbins' invitation to treat their motion to abate as being denied simultaneously with their motion to transfer venue and assume *arguendo* that it was.[1] That leads us to observe mandamus is an extraordinary remedy available in limited circumstances. *In re Hotze*, 627 S.W.3d 642, 646 (Tex. 2020) (orig. proceeding). "Though not an equitable remedy, its issuance nevertheless is largely controlled by equitable principles." *In re Abney*, 486 S.W.3d 135, 138 (Tex. App.—Amarillo 2016, orig. proceeding). "One such principle mandates the use of diligence . . . ." *Id.* When the record fails to show that the petitioner acted diligently to protect his rights, mandamus is unavailable. *In re Hotze*, 627 S.W.3d at 646 (involving a ten-week delay in challenging a governor's proclamation); *see In re Epps*, No. 07-14-00420-CV, 2014 Tex. App. LEXIS 13951, at *4–5 (Tex. App.—Amarillo Dec. 31, 2014, orig. proceeding) (mem. op,) (stating the same and concluding that relief was waived because of an unexplained ten-month delay); *see also Rivercenter Assocs. v. Rivera*, 858 S.W.2d 367–68 (Tex. 1993) (orig.

---

[1] They urged as follows: "The trial court's [venue] order acknowledges the filing of the Plea to Abate, states that it considered that pleading, states that it considered the arguments of counsel, and ultimately denies the relief sought. When this evidence is coupled with the trial court's statements on the record that he would rule on both issues simultaneously, it is abundantly clear that the trial court denied the Plea to Abate as well as the Motion to Transfer."

proceeding) (concluding that relator failed to show diligent pursuit of rights when it waited over four months to seek mandamus relief); *In re N. Plains Elec. Coop.*, No. 07-21-00060-CV, 2021 Tex. App. LEXIS 2877, at *7–8 (Tex. App.—Amarillo Apr. 15, 2021, orig. proceeding) (mem. op.) (per curiam) (holding that a nearly seven-month unjustified delay amounted to "an essential waiver" of right to seek extraordinary relief).

The record at bar illustrates that the trial court heard the motion to transfer venue on November 17, 2021, and signed its order on March 7, 2022. Approximately one year and eight months passed before the Harbins petitioned for a writ of mandamus. By then, the parties had exchanged emails with court personnel about scheduling a trial on the cause. It had remained pending for over two years. *See* TEX. R. JUD. ADMIN. 6.1(a)(1), (2) (noting that non-jury civil cases should be disposed of within eighteen months from appearance date, while jury cases should be disposed of within twelve months of that date). Furthermore, those emails resulted in a tentative trial date of February 26, 2024, which date since lapsed. The aforementioned over twenty-month delay here far exceeds that found unacceptable in cases such as *In re Epps.* Nevertheless, the Harbins proffered an explanation for their non-diligence.

Through his affidavit, their counsel attested that the March 7th order "was not received directly from the Court" but, rather, "delivered to me by opposing counsel via email on August 29, 2023." His attestation alluded to receipt of the order and says nothing about prior knowledge or notice had by him or his clients. Nevertheless, it seems he may not have known of it until August 2023. An email he apparently sent to a court representative on August 2, 2023, suggests as much. Despite gaining that knowledge upon receipt of the August 29th email, the Harbins still did not act. Instead, they allowed

3

three more months to lapse before petitioning us. Why they did was a matter left unexplained. Instead, they initiated discovery. So too did they file suit for trespass to try title in Brown County on October 12, 2023.

Of further import is our long-standing rule. Once a trial court has jurisdiction over a party, that party is obliged to keep himself informed of the proceedings in the case. *K.B. Video & Elec., Inc. v. Naylor*, 847 S.W.2d 401, 408 (Tex. App.—Amarillo 1993, writ denied). This indicates, at the very least, that the Harbins had an affirmative duty to keep abreast of the order's potential issuance. Little of record suggests that a periodic call by them to the district clerk of Wheeler County between the date of the hearing in 2021 and August 2023 would have failed to reveal the existence of the March 7, 2022 order. Nothing suggests that they made such inquiries or that anyone impeded them from contacting the clerk.

Simply put, the foregoing circumstances depict an absence of diligence on their part even if one were to accept the notion that they knew not of the order until August 29, 2023. And given the length of the delay before August 29 coupled with that transpiring thereafter, we remain convinced of the propriety of denying them mandamus relief.

Nor is their citation to § 15.0642 of the Texas Civil Practice and Remedies Code enough to change the outcome. The statute not only states that a party may seek mandamus to "enforce the mandatory venue provisions *of this chapter*" but also provides time periods within which to act. TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 (1), (2). (emphasis added). And, while their effort may have fallen within those periods, they cite us to no "mandatory venue provision[] of this chapter" upon which they relied in seeking transfer. Instead, they sought transfer based on a provision of the Texas Estate Code,

4

i.e., § 31.003(5).  And, one cannot reasonably deny that the phrase "of this chapter" found in § 15.0642 of the Civil Practice and Remedies Code referred to a mandatory venue provision found in Chapter 15 of the Civil Practice and Remedies Code.  Section 15.0642 of the Estates Code is not part of Chapter 15 of the Civil Practice and Remedies Code, and it is not within our power to rewrite the statute and change that.  *See Bond Restoration, Inc. v. Ready Cable, Inc.*, 462 S.W.3d 597, 601 (Tex. App.—Amarillo 2015, pet. denied) (noting our lack of authority to rewrite a statute to include what the legislature omitted).

For the foregoing reasons, we deny the petition for writ of mandamus.


Brian Quinn
Chief Justice