**Susan B. JORDAN and Ron Jordan, Appellants,**

v.

**Kathy Stringer JORDAN and Jerry Jordan, Appellees.**

No. 09–93–269 CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 13, 1994.

Decided Dec. 29, 1994.

Rehearing Overruled Jan. 20, 1994.

D. Joe Albright, Stevenson & St. John, Lisa H. Pennington, Baker & Hostetler, Houston, for appellants.

Curtis W. Fenley, III, Lufkin, for appellees.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from the trial court granting a judgment for an equitable Bill of Review setting aside a default judgment dated April 24, 1991.

Appellants originally brought suit against Kathy Stringer Jordan, Jerry Jordan and State Farm Fire & Casualty Insurance Company (State Farm) in the United States District Court for the Eastern District of Louisiana on April 5, 1990. ("Federal suit.") Damages were requested for injuries arising from a boating accident on April 23, 1989.

On August 22, 1990, appellants filed suit against appellees (Jordans) in the District Court of Angelina County, Texas, under Cause No. 24,325–90–8 but State Farm was not joined as a defendant as it had been in the Federal suit. ("Default suit.") On September 1, 1990, service was obtained on both Kathy Stringer Jordan and Jerry Jordan simultaneously being served with both the Federal suit and the Default suit.

Kathy Jordan notified State Farm, insurance carrier for appellees, that she and her husband had received lawsuit papers. No answer to the Angelina County, Texas lawsuit was filed on behalf of Kathy and Jerry Jordan.

In the Federal suit, an answer was filed on behalf of all three defendants (the Jordans and State Farm). Jurisdictional questions were raised and on September 11, 1990, the Federal suit was dismissed without prejudice.

On January 24, 1991, the trial court entered an interlocutory default judgment against appellees and on April 24, 1991, after a hearing on damages was conducted, a final judgment was entered in favor of appellants.

Kathy Jordan was made aware of a judgment against her by a private investigator in July or August. She then notified Ms. McNeill of this fact.

McNeill requested Mr. Curtis Fenley, III, attorney for State Farm, to investigate this situation. On August 7, 1991, Mr. Fenley secured a copy of the default judgment at the request of Ms. McNeill. On August 23, 1991, appellees were notified in writing by their insurance carrier, State Farm, that a default judgment had been entered against them.

On November 14, 1991, appellees filed an equitable Bill of Review proceeding in Cause No. 25,361–91–11 styled *Kathy Stringer Jordan and Jerry Jordan v. Susan B. Jordan and Ron Jordan.* On June 16, 1993, the trial court entered a judgment in favor of the appellees which declared the default judgment entered April 24, 1991, void and without effect. Appellees were also granted a permanent injunction enjoining anyone from attempting to enforce said judgment. The trial court entered findings of fact and conclusions of law and appellants then perfected their appeal to this Court.

Appellants bring three points of error with various sub-points contained therein for this Court to review. Each of the points of error are founded on the premise that the trial court erred because there was insufficient evidence to support the trial court findings. Findings of fact by the court carry the same weight attached to the jury's verdict upon jury questions. *City of Clute v. City of Lake Jackson,* 559 S.W.2d 391 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). When reviewing findings of fact for legal and factual sufficiency of the evidence, the same standards are employed when reviewing jury findings. *Okon v. Levy,* 612

S.W.2d 938 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). If the legal sufficiency of evidence is challenged by the party not having the burden of proof, then it must be demonstrated that there is no evidence to support the adverse finding. *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264 (Tex.App.—Amarillo 1988, writ denied). Only evidence supporting the finding is considered when viewing a no evidence point. *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670 (Tex.1990).

■ The party not having the burden of proof when challenging factual sufficiency of the evidence supporting an adverse finding must demonstrate that there was insufficient evidence to support said finding. *Raw Hide*, 766 S.W.2d at 275. The finding will be upheld unless this Court finds that the evidence is too weak to support the finding or that such finding is against the overwhelming weight of the evidence. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

Appellant's first point of error alleges that the trial court erred in granting appellees' petition for an equitable Bill of Review for three reasons; that appellees did not show prima facie proof of a meritorious defense, that appellees did not show that the default judgment was rendered as a result of fraud, accident, wrongful act, or official mistake, or that appellants failed to show their own fault or negligence played no part in the rendering of the default judgment.

The incident made the basis of the claims asserted by the appellants arises from a boating trip on April 23, 1990, while the parties were traveling in a boat owned by appellee, Kathy Stringer Jordan, and driven by appellee, Jerry Jordan. Appellants claim that appellees were negligent in driving the boat too fast and in failing to avoid the wake of another boat which bounced Susan Broussard Jordan sufficiently to injure her back while riding in the boat. It was established that Kathy Jordan did not operate the boat but was owner and passenger. Jerry Jordan testified that he was not driving at an excessive or improper rate of speed but attempted to take proper evasive action and he maintained a proper lookout at all times.

■ The foundational case for any equitable Bill of Review proceeding is *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979), which is summarized as follows. To successfully challenge a judgment by Bill of Review, the petitioner must prove: (1) a meritorious defense to the cause of action, (2) which the complainant was prevented from making by the fraud, accident, or wrongful act of the opposite party, or that complainant was prevented from presenting his contentions in the default action by a mistake or error of the court or a functionary thereof in the discharge of official duties, and (3) unmixed with any fault or negligence of his own. *See also Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950).

■ The prima facie evidence of a meritorious defense only means that, disregarding contrary evidence, the petitioner would be entitled to a judgment upon retrial based on the facts alleged. *Borgerding v. Griffin*, 716 S.W.2d 694 (Tex.App.—Corpus Christi 1986, no writ).

■ Only a showing of extrinsic fraud will entitle the complainant to relief in a Bill of Review proceeding. *Montgomery v. Kennedy*, 669 S.W.2d 309 (Tex.1984). This is defined as that kind of fraud which denies a loosing litigant the opportunity to fully litigate his rights or defenses at trial and refers to the manner in which the judgment was procured. *Lambert v. Coachmen Industries of Texas, Inc.*, 761 S.W.2d 82 (Tex.App.—Houston [14th Dist.] 1988, writ denied). An example of extrinsic fraud is the fraudulent failure to serve a defendant with personal service in order to procure a judgment against him without actual notice, or the failure of opposing counsel to notify opposing parties of a trial setting. *Lambert*, 761 S.W.2d at 87.

The functionary of a court does not includes one's own attorney as an officer of the court for purposes of determining if an official mistake has been made. *Transworld Financial Services v. Briscoe*, 722 S.W.2d 407 (Tex.1987); *Jarrett v. Northcutt*, 592 S.W.2d 930 (Tex.1979).

■ Initially, the complainant on Bill of Review must allege facts with particularity to

invoke the jurisdiction of the court to examine a Bill of Review and further as a pre-trial matter present prima facie proof to support the contentions alleged. *State v. 1985 Chevrolet Pickup Truck,* 778 S.W.2d 463 (Tex. 1989).

■ Testimony was tendered to the court by each appellee that the boat was being driven in a prudent manner, that it was not being driven at an excessive or improper rate of speed, and that Jerry Jordan took proper evasive measures and he maintained a proper lookout at all times. We find these facts to be sufficient to establish a prima facie case which would permit the trial court to hear the Bill of Review on its entire merits. We overrule point of error number one.

Point of error number two alleges appellees failed to show the default judgment was rendered as a result of fraud, accident, or wrongful act of the appellants, or of official mistake.

■ Appellees allege in their original petition for Bill of Review that appellants failed to properly advise the trial court of the necessary information to notify appellees of any proceedings. It was further alleged that a systematic attempt was employed by appellants to deny appellees notice of the proceedings leading to a default judgment. It was averred that attempts by appellants to mislead the court of the actual notice to appellees is reflected by records introduced into evidence.

Service of Citation records were introduced as well as the Citation Log from the Angelina County Sheriff's Department which reflect that appellees were served with the Federal suit and the Default suit on the same date. Contact of the appellees was attempted by certified mail, however, appellee, Kathy Jordan, admitted that she consciously did not go to the post office to retrieve certified mail explaining, "I didn't want to." Two addresses were utilized to contact the appellees, i.e., Route 5, Box 3030, and Route 5, Box 1518. Appellee, Kathy Jordan, stated that her residence had been at Route 5, Box 1518 since 1987, but she had utilized Route 5, Box 3030, her mother's address, at all times for important papers and as a permanent mailing address. These were the only two addresses used by appellants to contact appellees.

Under the facts we cannot find that the records exhibit a systematic attempt to deny appellees notice of the proceedings. We therefore find that the default judgment was not rendered as a result of fraud on the part of the appellants.

■ Appellees in their Bill of Review petition further alleged they did not seek redress in the default suit before November 14, 1991, because they relied on an officer of the court (Deputy Sheriff Ken Henson) who failed to properly execute his official duties, or misinformed appellees of the existence of the underlying suit. Appellees assert that when they were served with citation, the Deputy gave them two lawsuits without explaining to appellees that they were in fact separate lawsuits, a Federal suit in Louisiana and a District Court suit in Angelina County, Texas. We find no authority nor do appellees refer us to any authority to support this contention, i.e., that the serving officer is required to explain and inform the person being served of the nature and content of the lawsuits being delivered.

Appellees further state they were given no notice of appellants' motion for default judgment against appellees. It was established that the motion was forwarded to appellees by certified mail utilizing the address Route 5, Box 3030, but it was shown that 3030 was marked out and replaced by 1518. This notice was returned to appellants' notice unclaimed.

Appellees further claim that the failure on the part of the district clerk to notify appellees of the default judgment as required by TEX.R.CIV.P. 239a supports granting the Bill of Review but this does not mitigate the failure to respond to the Service of Citation executed on both appellees nor does it bear the burden of appellees failing to get notice of same in view of their voluntary refusal to accept mail. It is also apparent that the "Box 3030" address was generally used by the appellees to, (1) identify a mailing address for home insurance and boat insurance, (2) receive her son's social security checks,

(3) receive correspondence from her insurance carrier in this case, and (4) it was represented to her insurance adjuster as her permanent mailing address. We therefore hold that the default judgment was not rendered as a result of fraud or wrongful acts on the part of appellants. We hold that there was no evidence before the trial court to substantiate finding that the default judgment against appellees was rendered as a result of fraud, accident, or wrongful act on the part of the appellants.

■ Appellants assert within their second point of error that given the fact the alleged official mistake occurred when the court clerk did not advise appellees of the default judgment as required by Tex.R.Civ.P. 239a, the default judgment was not rendered as a result of the official mistake. We cannot agree with this reasoning because the failure to notify appellants by the court clerk prevented the timely filing of a motion for new trial. *See Baker,* 582 S.W.2d at 406. We find the evidence establishes that appellees were not in fact notified of the default judgment as required by Rule 239a, therefore the appellees are excused from showing wrongful conduct, fraud or accident on the part of the appellants. *See Baker,* 582 S.W.2d at 407; *Gracey v. West,* 422 S.W.2d 913 (Tex.1968).

Appellants' third point of error asserts that appellees must also have proven that their own fault or negligence played no part in the rendering of the default judgment. We will recap a part of the timetables relevant to this point of error. Judgment was entered April 24, 1991. Appellee, Kathy Jordan, notified Vashti McNeill of State Farm on August 7, 1991, there was a judgment against her because an investigator had so informed her. In response to her conversation with Kathy Jordan, Ms. McNeill notified her supervisor, Ron Camp, and then called Curtis Fenley, attorney for State Farm, instructing him to investigate the situation at the Angelina County Courthouse. Mr. Fenley then transmitted certain documents to Ms. McNeill on August 8, 1991. By August 8, 1991, Ms. McNeill, Mr. Camp, and Mr. Fenley were aware that a default judgment had been entered against appellees on April 24, 1991. Kathy Jordan confirmed her

knowledge of the judgment because Mr. Ron Camp had contacted her to inform her that a $1,000,000 judgment had been obtained against her. Mr. Camp confirmed with Mrs. Jordan by letter dated August 23, 1991, that he had received the lawsuit papers and default judgment which she had delivered to his office in August of 1991. Appellees filed the petition for Bill of Review made the basis of this appeal on November 14, 1991.

■ Implicit in relief by way of equitable Bill of Review is the requirement that appellees show they exercised due diligence. Appellees must prove that all adequate legal remedies against the default judgment have been utilized and that at the time of the filing of the Bill of Review no adequate legal remedy was available. *Winrock Houston Associates v. Bergstrom,* 879 S.W.2d 144 (Tex. App.—Houston [14th Dist.] 1994, no writ); *National Bank of Texas v. First National Bank,* 682 S.W.2d 366 (Tex.App.—Tyler 1984, no writ).

■ From the date knowledge of the default judgment is acquired, appellees must have resorted to all legal remedies available at that time, including motion for new trial, appeal, or writ of error. *Rizk v. Mayad,* 603 S.W.2d 773 (Tex.1980). By August 23, 1991, the appellees, their insurance carrier, and the attorney chosen by the carrier were aware of the default judgment entered April 24, 1991, well within six months thereof. The remedy of writ of error was available to appellees. Appellees could not have participated in the trial of the case and had to show error "on the face of the record." *Brown v. McLennan County Children's Protective Servs.,* 627 S.W.2d 390 (Tex.1982).

For the error to be apparent on the face of the record, the appellate court may consider the transcript and all papers on file including the statement of facts. *DSC Finance Corp. v. Moffitt,* 815 S.W.2d 551 (Tex.1991). We will not make presumptions that the judgment was valid on its face, instead we are entitled to look to the face of the record for apparent error. *Hesser v. Hesser,* 842 S.W.2d 759 (Tex.App.—Houston [1st Dist.] 1992, writ denied). We will not look to the absence of notice provided by the clerk

where the clerk is not obligated to make docket sheet entries of such notices such as that for dismissals for want of prosecution. *Compare General Elec. v. Falcon Ridge Apts.*, 811 S.W.2d 942 (Tex.1991); TEX. R.CIV.P. 165a. We will however, examine the record for the clerk's certification that notice was given of a default judgment having been entered. *LBL Oil Co. v. International Power Services, Inc.*, 777 S.W.2d 390 (Tex.1989) (per curiam). TEX.R.CIV.P. 239a requires the clerk to make note of the mailing of notice of default judgment in the record of the case. Appellees made note of the fact that the docket sheet and record are absent any proof that the clerk performed his duty in mailing a notice of the default judgment to the appellees. We hold that appellees had an adequate remedy at law by way of writ of error after discovering the default judgment by August 23, 1991, and should have been diligent in pursuing that remedy in lieu of waiting 80 days to file a Bill of Review.

We disagree with the trial court's conclusions of law finding that the petitioners' bill of review is properly supported by the lack of notice on the part of the clerk to notify appellees of the default judgment. We also disagree with the trial court in its conclusion of law that the petitioners were not negligent in failing to respond to the default judgment for all the reasons stated above.

The judgment of the trial court is reversed and the judgment of April 24, 1991, is reinstated.

REVERSED.