**NORMAN COMMUNICATIONS, INC., Appellant,**

v.

**TEXAS EASTMAN COMPANY, Appellee.**

No. 12–95–00222–CV.

Court of Appeals of Texas, Tyler.

Feb. 27, 1997.

Opinion Overruling Rehearing June 13, 1997.

Ron Adkison, Henderson, for appellant.

Lauren B. Smith, Longview, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

RAMEY, Chief Justice.

This writ of error appeal attacks a post-answer default judgment against the Defendant below, Norman Communications ("Norman"). The dispute arose out of a purchase order by the Plaintiff, Texas Eastman Company, a Division of Eastman Chemical Company ("Eastman"), for 25 two-way radios from Champion Electronics Supply, Inc. ("Champion"), which radios Eastman alleges were not "intrinsically safe" as per the order. Eastman claims that these radios were obtained by Champion, the retailer, from Norman, the dealer, which had acquired them from Maxon Electronics Corporation of America ("Maxon"), the manufacturer.

Suit was filed by Eastman against the three parties, Champion, Maxon and Norman, in March 1994, for damages in delivering non-conforming goods pursuant to the Texas Uniform Commercial Code. All Defendants timely answered the suit. Norman and its counsel, however, did not attend the trial of the case on July 5, 1995; only Eastman and Maxon appeared. After a bench trial, the court entered judgment for Eastman against Maxon and Norman, jointly and severally; at that time, Champion, the third Defendant was out of business, in bankruptcy and subsequently non-suited.

In its Petition for Writ of Error, Norman and its counsel have sworn and consistently urged that they had no notice that the trial had been set until that counsel received a telefax concerning the case from Maxon's attorney fifty-four days after the hearing, on August 28, 1995. On that same day, Eastman severed its claim against Norman from the Maxon cause of action, and on August 30, Norman for the first time received a copy of the trial court's judgment dated July 21, 1995. Immediately thereafter, on September 1, this Petition for Writ of Error was filed by Norman. We will affirm the trial court's judgment against Norman in the context of this writ of error appeal.

The law is well established that strict compliance with statutes or rules governing the service of process is required to support default judgments. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *Whitney v. L. & L. Realty Corporation*, 500 S.W.2d 94 (Tex.1973). The usual presumptions of a judgment's validity are not indulged in a writ of error proceeding. *McKanna v. Edgar*, 388 S.W.2d 927, 929–30 (Tex.1965). A writ of error appeal constitutes a direct attack on a default judgment. *Pace Sports, Inc. v. Davis Brothers Publishing Co. Inc.*, 514 S.W.2d 247 (Tex.1974).

Resolution of this dispute is determined by the four established requisites of an appeal by writ of error, which require that the Appellant: (1) bring the petition within six months after the judgment was signed, TEX. CIV.PRAC. & REM.CODE ANN. § 51.013 (Vernon 1986); TEX.R.APP.P. 45; (2) be a party to the suit, TEX.R.APP.P. 45; (3) not have participated in the actual trial, *Id.*; and (4) present a record wherein the error complained of is apparent on its face. *Brown v. McLennan County Children's Protective Servs.*, 627 S.W.2d 390, 392 (Tex.1982). Norman has undisputedly satisfied the first three requirements; only the fourth element is contested here.

The overriding issue in our review of the fourth requirement is whether the prevailing party in the trial court has the burden of demonstrating from the record that the defaulting party had notice of the trial setting, or whether a record silent as to any notice of the setting fails to demonstrate apparent error in the record. An Appellant seeking to demonstrate error apparent on the face of the record in a case involving the absence of notice bears a heavy burden because it is likely that the record will be barren of affirmative proof of the error asserted. *Langdale v. Villamil*, 813 S.W.2d 187, 189 (Tex.App.—Houston [14th Dist.] 1991, no writ). Interpretation of this fourth requirement has spawned relatively prolific

litigation. For example, a 1990 Corpus Christi Court of Appeals opinion denied a writ of error appeal where the record was wholly silent as to the provision of notice of the setting to the defaulting party. *Prihoda v. Marek*, 797 S.W.2d 170 (Tex.App.Corpus Christi 1990, writ denied). But a June 1991 Fourteenth Court of Appeals opinion specifically disagreed with *Prihoda*, holding that although the record before it was silent as to whether notice of the setting was given to Langdale, error in the record was demonstrated because *the court accepted as true the Appellant's uncontroverted claim in his brief that he had not received notice. Langdale*, 813 S.W.2d at 191.

In the same month, June 1991, a supreme court opinion spoke directly to the proper treatment of the fourth requirement of a writ of error appeal. *General Electric Co. v. Falcon Ridge Apts., Joint Venture*, 811 S.W.2d 942, 944 (Tex.1991).[1] The intermediate court of appeals had held[2] that although the record was silent on whether notice of the setting had been given as required by the rules, *where the complaining party asserted without contradiction that notice was not given*, error was construed to be apparent from the record and the fourth element of a writ of error appeal was satisfied. The supreme court disagreed, reversed and held that *where there was nothing in the record suggesting that notice of setting was either given or omitted*, apparent error in the record was not shown and the writ of error failed. *Falcon Ridge*, 811 S.W.2d at 943–44. In their subsequent petition for writ of error, the Plaintiffs in *Falcon Ridge* denied receiving any notice of intention to dismiss and attached affidavits supporting its lack of notice, as was done in the instant case.

The supreme court further stated that it had long been the rule "that evidence not before the trial court prior to final judgment" may not be considered. *Id,* at 944. Norman's denial of notice of setting and its supporting affidavits in the Petition for Writ of

Error, not having been presented for ruling in the lower court, were not available to establish apparent error in the record in this type of appeal. *Id.* The supreme court explained that where extrinsic evidence is required to show error in the record, the appropriate remedy is by motion for new trial or by bill of review. *Id.*

We agree with Justice Mirabal's suggestion that it would be an improvement if the Texas Rules of Civil Procedure are amended to require clerks to affirmatively enter in the court files proof that they have actually sent notices of settings to all litigants. *Falcon Ridge*, 795 S.W.2d at 23. The supreme court agrees that a rule amendment requiring such notice to be shown on the face of the record *would be preferable to "disturbing well-established limitations on the scope of writ of error review."* (Emphasis ours.) *Falcon Ridge*, 811 S.W.2d at 944 n. 1.

In reviewing the record in the instant case, we examine the Transcript which contains the pleadings, the court's orders, the parties' motions, two notices of non-suit and the Petition for Writ of Error. One additional document in the Transcript is entitled, "Update Trial List for Week of July 3, 1995," which listed the subject case along with seventy-two other civil suits set for trial that week. The Transcript is silent as to notice of the trial setting to Norman.

█ Additionally, we take judicial notice of the local rules of the trial court as part of the record. *Langdale*, 813 S.W.2d at 190. At all material times, the Gregg County civil courts have operated under the Amended Local Court Rules For Trial Settings And Docket Management Of Cases On File In The Office Of The District Clerk Of Gregg County, Texas ("Local Rules"), which were approved by the supreme court and apparently satisfy Rules 245 and 21a of the Texas Rules of Civil Procedure. The Local Rules required no notation in the record by the clerk that no-

---

1. *Falcon Ridge* was a case in which the Plaintiff's suit was dismissed for want of prosecution, not a post-answer 'default of a Defendant, as here; both types of dispositions involve trial court rulings against nonparticipating parties which had made earlier appearances.

2. . *Falcon Ridge Apts. v. General Electric Co.*, 795 S.W.2d 21, 23 (Justice Mirabal dissenting).

tice of setting was given to Defendants, such as Norman.

Finally, "the record" here includes a Statement of Facts of the July 5 bench trial hearing. *DSC Finance Corporation v. Moffitt*, 815 S.W.2d 551 (Tex.1991). At this hearing, Eastman called three witnesses: James W. Watts, Jr., an Eastman construction manager, Leslie Shaw, an engineer for Eastman who served as chairman of the committee that tested the intrinsic safety of the radios, and Loren Smith, Eastman's counsel who testified about attorneys' fees only. No testimony was elicited at the hearing concerning notice to Norman of the trial setting.

Our review of the record of the trial discloses nothing that "affirmatively indicates that notice was given nor any notation to establish that notice was omitted." *Falcon Ridge*, 811 S.W.2d at 943. When the record is silent as to provision of notice of the trial court setting, no reversible error is apparent from the face of the record. *Id*, at 944.

■ But Norman contends that the record is not silent as to apparent error because an affidavit of Gregg County Deputy Clerk, Barbara Duncan, attached to Norman's appellate brief stated that a clerk in the office failed to enter Norman or its attorney into the computerized docket system in this case. The affidavit, however, was not a part of the record in this writ of error appeal but was attached to Norman's pleadings in connection with another action, its Petition for Bill of Review, Cause No. 95–2544–CC in the County Court at Law.[3] Furthermore, it appears that the mistake was not called to the attention of the trial court before judgment was entered. We are precluded from holding that the Duncan affidavit demonstrates any error in this record.

■ Norman asserts that in its written designation of the documents and materials to be included in the Transcript it requested the District Clerk to include correspondence or communications from any party regarding the setting of the case or the court's judgment. It appears from the Transcript that there were no such instruments. The silence in the Transcript in response to the supplementary designation provides us with nothing in the record, and no apparent error is disclosed by this additional request. *Id.*

Finally, Norman martials a series of cases for the proposition that procedural due process requires reasonable notice of a setting and that after Norman entered its appearance in this cause due process entitled it to notice of the setting. *Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965); *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *LBL Oil Co. v. International Power Services, Inc.,* 777 S.W.2d 390, 391 (Tex.1989); *Chow v. Dole,* 677 S.W.2d 220, 221 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Mexia I.S.D. v. City of Mexia,* 134 Tex. 95, 133 S.W.2d 118 (1939); *Anderson v. Anderson,* 698 S.W.2d 397, 399 (Tex.App.—Houston [14th Dist.] 1985, writ dism'd); *Wilson v. Industrial Leasing Corp.,* 689 S.W.2d 496 (Tex.App.—Houston [1st Dist.]1985, no writ). This is a fundamental principle of the law. We are sensitive to a litigant's constitutional right to be present and participate in its case. Here, however, we are asked to review a default judgment in the context of a specific appellate vehicle. The confining requirements of a writ of error appeal are established in Texas, and it has successfully withstood the due process attacks. *Falcon Ridge* teaches that if a defaulted party is unduly burdened by writ of error parameters, an alternative remedy by bill of review is available and by which extrinsic evidence may be presented. *Falcon Ridge*, 811 S.W.2d at 944. As noted, the briefs reveal that a petition for bill of review is also pending here, and Norman has not asserted that this alternative appellate procedure is unavailable or unduly burdensome. *Id.* Therefore, as *Falcon Ridge* held, we do not encroach upon the traditional role of the trial court. *Id.*

We hold that under the limiting requisites of a writ of error appeal, no reversible error is disclosed on the face of the record here.

---

3. The underlying suit is Cause No. 94–629–CC in the County Court At Law in and for Gregg County, Texas.

Norman's first point of error is overruled. Because we have held that a writ of error appeal is not available, any defect in Eastman's evidence at the trial court hearing on the judgment, as asserted in Norman's second point of error, cannot be reached in this appeal. Norman's second point will not be addressed.

The trial court's judgment is **affirmed.**

### ON APPELLANT'S MOTION FOR REHEARING

 By this supplementary opinion we overrule the Motion for Rehearing of Norman Communications, Inc. ("Norman"). In its principal contention, Norman asserts that this Court failed to address Norman's lack of notice of the entry of the default judgment against it, contrary to the provisions of Rule 239a of the Texas Rules of Civil Procedure. The failure to provide notice of default judgment, however, was never made the basis of a point of error.[1] Nevertheless, in the interest of justice, we will consider this contention.

Rule 239a specifically directs the district clerk to mail written notice of the default judgment to the party against whom the judgment was rendered and to note the fact of such mailing on the docket. A copy of the district court's docket sheet is included in the transcript on appeal and no notation appears on the docket pertaining to the mailing of notice of default judgment to Norman or its counsel.

Several cases, however, have held that there is no reversible error for a defect occurring after the judgment was rendered. *Long v. McDermott*, 813 S.W.2d 622, 624 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Bloom v. Bloom*, 767 S.W.2d 463, 468 (Tex.App.San Antonio 1989, writ denied); *Grayson Fire Extinguisher Co., Inc. v. Jackson*, 566 S.W.2d 321, 322 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). Rule 239a was designed as an administrative convenience for the parties, and the failure to give notice of the entry of default judgment does not

constitute reversible error. *Long,* 813 S.W.2d at 624. With the availability of the bill of review as Appellant's vehicle, Rule 239a is not rendered meaningless by denying Norman the right to a reversal on a writ of error appeal. *Bloom,* 767 S.W.2d at 468; *Grayson Fire Extinguisher Co., Inc.,* 566 S.W.2d at 323; *American Gen. Fire & Cas. v. Schattman,* 761 S.W.2d 582, 585 (Tex. App.—Fort Worth 1988, no writ). Norman's first point in its Motion for Rehearing is denied.

Likewise, the court concludes that there is no error in Norman's other two points asserted on rehearing. Norman's Motion for Rehearing is overruled.

---

1. No mention of the Appellant's claim of no notice of default judgment was made in Appellant's Brief. There were references to the absence of such notice in Appellant's Supplemental Written Argument/Reply Brief and his later Letter Brief to this Court dated April 16, 1996, but no point of error was asserted to the claimed failure to notify of the default judgment.