OPINION ON REMAND

RAMEY, Chief Justice.
This suit was brought by Appellee Texas Eastman Company, a Division of Eastman Chemical Company (“Eastman”) against three defendants, Appellant Norman Communications, Inc. (“Norman”), Champion Electronics Supply, Inc. (“Champion”) and Maxon Electronics Corporation of America (“Maxon”). Eastman alleged that it had made a purchase order for twenty-five two-way radios, which were specified to be “intrinsically safe.” Champion was the vendor of the radios, Norman was the dealer, and Maxon was the manufacturer. After delivery, Eastman found that the radios were not intrinsically safe and returned them to Champion as non-conforming goods under the Uniform Commercial Code. When its purchase money was not returned, Eastman filed suit and the defendants timely answered. Maxon later went out of business and was non-suited. At the bench trial, Norman did not appear, and default judgment was entered against Norman; judgment was also entered against Champion.
Here, the issues pertain to Norman’s writ of error appeal of the default judgment. This Court affirmed the judgment of the trial court in favor of Eastman. We held that in regard to the principal dispute between the parties regarding Norman’s lack of notice of the trial court setting, there was no error demonstrated on the face of the record, one of the requisites of a writ of error appeal. Therefore, we concluded that this mode of appeal was not available to Norman under a writ of error procedure’s limiting constraints. Norman Communications, Inc. v. Texas Eastman Company, 956 S.W.2d 68 (Tex.App.—Tyler 1997). The Supreme Court reversed and remanded the case to this Court with instructions to consider the merits of the case and make a determination as to whether the evidence was legally sufficient to support the trial court judgment. Norman Communications v. Texas Eastman Company, 955 S.W.2d 269 (Tex.1997).
If the legal sufficiency of evidence is challenged by the party not having the burden of proof, it must be demonstrated that there is no evidence to support the adverse finding. Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264 (Tex.App.—Amarillo 1988, writ denied). Only evidence supporting the finding is considered when viewing a no evidence point. Best v. Ryan Auto Group, Inc., 786 S.W.2d 670 (Tex.1990).
In reviewing the record, we examined the Transcript including the pleadings, the court’s orders, the parties’ motions, notices of non-suit and the Petition for Writ of Error. *161 No proof is presented of a relationship between Eastman and Norman. The record also includes a Statement of Facts of the July 5th bench trial hearing. DSC Finance Corporation v. Moffitt, 815 S.W.2d 551 (Tex.1991). Eastman called three witnesses: James W. Watts, Jr., an Eastman construction manager, Leslie Shaw, an engineer for Eastman who was the chairman of the committee that tested the intrinsic safety of the radios, and Eastman’s counsel who testified about attorneys’ fees only. Other than Eastman’s purchase order from Champion, which did not make reference to Norman, the only other relevant evidence was the testimony by Watts in which he stated that he had only indirect knowledge that the radios were sold from Maxon to Norman Electronics as dealer, and from Norman to Champion Electronics as retailer. Thus, Norman’s business relationships were with Champion and Maxon. No evidence was offered from any source of a contractual relationship between Eastman and Norman.
The trial court judgment ordered Eastman’s recovery of damages from Champion and Norman, jointly and severally, on a breach of contract cause of action. Thereafter, Eastman, by nonsuit, dismissed its claim against Champion. As stated, our review of the record reveals that there is no evidence of a contract between Eastman and Norman. The purchase order from Eastman was directed solely to Champion. We conclude that there is no evidence of Norman’s breach of a contract with Eastman. To hold Norman liable to Eastman for breach of contract was error apparent on the face of the record.
The judgment of the trial court is reversed and rendered that Eastman shall recover nothing against Norman.