**Susan B. JORDAN and Ron Jordan, Appellants,**

v.

**Kathy Stringer JORDAN and Jerry Jordan, Appellees.**

**No. 09–00–062 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Jan. 11, 2001.

Decided Feb. 15, 2001.

---

Kenneth A. Zimmern, John C. Schwambach, Jr., Stevenson & Ammons, L.C., Houston, for appellant.

Curtis Fenely, III, Fenely and Bate, L.L.P., Lufkin, Michael W. Minton, Flowers, Davis, Fraser, Derryberry & Van Cleef, L.L.P., Arlington, for appellee.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

GAULTNEY, Justice.

This bill of review case is an effort by Kathy and Jerry Jordan to set aside a $1,000,000 default judgment entered against them. The key issue on appeal is whether the subsequent judgment entered in the bill of review proceeding properly set aside the default judgment. We hold that the default judgment was properly vacated and we affirm the subsequent take-nothing judgment.

### The Facts

This decade-long litigation has its origin in a family camping trip to the lake. On Sunday, April 23, 1989, Susan Jordan and her husband, Ron Jordan, were camping near Lake Sam Rayburn in Angelina County, Texas, with Ron's brother, Jerry Jordan, and Jerry's wife, Kathy. Kathy owned a ski boat. After camping out Saturday night, the group decided to use the boat to travel to a fishing tournament on the lake. As they were returning from the tournament, the boat bounced as it passed over the wake of a houseboat. Susan claimed the bounce hurt her back. Jerry and Kathy claimed the bounce did not. Susan and Ron sued Jerry and Kathy. Jerry was sued for negligent driving, and Kathy was sued for negligently entrusting her boat to her husband Jerry.

The Jordans first sued the Jordans on April 5, 1990, in federal court in Louisiana. On June 18, 1990, Kathy and Jerry filed an answer in federal court although they had not yet been served with process. The attorney for their insurance company, which was also a defendant in federal court, filed the answer on behalf of all three defendants. On August 22, 1990, Susan and Ron filed the same claims against Kathy and Jerry in state district court in Angelina County, Texas, even though the federal case was still pending. The insurance company was not joined in Texas state court. Both lawsuits arose out of the same facts, i.e., the back injury Susan claims to have sustained on Kathy's boat.

Even though an answer had already been filed in federal court, process was served in both the federal lawsuit and the state lawsuit at the same time. When Kathy reported to their insurance company that she and Jerry had been sued by Susan and Ron, she was told that the insurance company was aware of the case. On September 11, 1990, the federal case was dismissed for lack of jurisdiction by agreement of the parties. No answer was filed in state district court in Texas. On April 24, 1991, Susan and Ron obtained a default judgment in state court that ordered Kathy and Jerry to pay them $1,000,000.

The district clerk did not send notice of the default judgment to Kathy and Jerry. They found out about the judgment in July or August, 1991. In November 1991, a bill of review action was filed by Kathy and Jerry.

## The Trials

The trial court held a bench trial on the bill of review and set aside the default judgment. At the request of Ron and Susan, the trial judge made findings of fact and conclusions of law. He ordered that the underlying claim for back injury be set for jury trial. Susan and Ron appealed to this Court and obtained a reversal. *See Jordan v. Jordan,* 890 S.W.2d 555 (Tex. App.—Beaumont 1994), *rev'd,* 907 S.W.2d 471 (Tex.1995). Kathy and Jerry then appealed to the Texas Supreme Court, which reversed this Court for lack of jurisdiction. The Supreme Court found the trial court's judgment in the bill of review action was interlocutory and not subject to appeal because the order did not dispose of the case on the merits. *Jordan,* 907 S.W.2d at 472. The Supreme Court noted that the trial court's order which set aside the default judgment also ordered a jury trial on the merits of the underlying back injury claim. *Id.*

The trial court held a jury trial on the merits on September 7 and 8, 1999. Finding no negligence, the jury returned a take-nothing verdict against Susan and Ron. The trial court entered a judgment on January 4, 2000, which provided that Susan and Ron take nothing from Kathy and Jerry. The judgment did not expressly incorporate the 1993 interlocutory order that set aside the default judgment. At the conclusion of the 2000 judgment is the language "All other relief not specifically granted is hereby denied[,]" typically referred to as a "Mother Hubbard" clause.

## The Issues On Appeal

Susan and Ron have appealed to this Court requesting reinstatement of the default judgment for $1,000,000. Appellants do not ask for a new trial although in issue number 4 they do challenge the admission of evidence concerning Jerry's good driving record. Their request for reinstatement of the $1,000,000 default judgment in issue numbers 1 and 2 is based on the premise that the take-nothing judgment entered by the trial court does not state that it sets aside the 1991 default judgment. Therefore, appellants argue, the default judgment is still in place. They then argue that because the take-nothing judgment also contains a so-called "Mother Hubbard clause," it is a final judgment which cannot be revisited and which, in effect, denied Kathy and Jerry their prayer that the default judgment be set aside. Appellants contend in issue number 3 that appellees failed to meet the bill of review proof requirements in the 1993 bench trial.

In contrast, the appellees contend the 2000 judgment is interlocutory, thereby depriving this Court of jurisdiction over the case. Alternatively, they argue that the 1993 order and the 2000 judgment are consistent and must be read together. Finally, they ask that we abate the appeal and remand the case for entry of a final judgment setting aside the default judgment if we do not hold that the orders as read together constitute a final judgment.

As explained herein, we hold that the 2000 judgment is a final judgment which, when combined with the consistent 1993 interlocutory order setting aside the default judgment, disposes of all the parties and claims in the case. We affirm the trial court's judgment that appellants take nothing from appellees.

## The Bench Trial

We begin our analysis with the bill of review bench trial which resulted in the 1993 order setting aside the default judgment. A bill of review is an equitable remedy designed to cure manifest injustice. *French v. Brown,* 424 S.W.2d 893, 895 (Tex.1967). To set aside the $1,000,000 default judgment against them,

appellees Kathy and Jerry had the burden of proving the three elements of a bill of review: (1) A meritorious defense to the back injury claim; (2) which they were prevented from making, either by the fraud, accident, or wrongful act of appellants, Susan or Ron, or by a mistake or error of the court or a court official in the discharge of official duties; and (3) unmixed with any fault or negligence of appellees, Kathy and Jerry. *See Baker v. Goldsmith*, 582 S.W.2d 404, 406–07 (Tex. 1979). Appellants do not attack the first element. The trial court found that a meritorious defense existed, a finding later supported by the jury's finding of no negligence in the trial on the merits. Appellants do attack the trial judge's conclusions on the second and third bill of review elements, so we will address those findings of the trial court.

■ The trial court's findings of fact have the same force as jury findings. *See Greater Beauxart Garden Mun. Util. Dist. v. Cormier*, 596 S.W.2d 597, 600 (Tex.Civ. App.—Beaumont 1980, no writ). The findings are binding on us unless they are so against the overwhelming weight of the evidence as to be clearly and manifestly wrong. *Id.* This Court has held that "[u]nless the trial court's findings are challenged by a point of error on appeal, they are binding on the appellate court." *Wade v. Anderson*, 602 S.W.2d 347, 349 (Tex.Civ. App.—Beaumont 1980, writ ref'd n.r.e.). Here, appellants attack the granting of the bill of review and the legal conclusions reached, but they do not point to specific findings of fact which they consider wrong.

■ We review the trial court's legal conclusions *de novo*. *Nelkin v. Panzer*, 833 S.W.2d 267, 268 (Tex.App.—Houston [1st Dist.] 1992, writ dismissed w.o.j.). In doing so, we will treat appellant's issue broadly "as covering every subsidiary question that is fairly included." Tex. R.App. P. 38.1(e).[1] Here, the trial court

made fifty-seven (57) separate findings of fact. We have reviewed the record and we find that the trial court's findings are supported by the evidence. We also agree with the trial court's conclusions of law. We will briefly discuss the findings of fact and then address the trial court's legal analysis.

■ The findings of fact establish that the second and third elements of the bill of review were proven. For example, with respect to the second element, the trial court found that the wrong address was used to attempt service of the motion for default judgment. The court also found that Susan and Ron failed to notify the court that Kathy and Jerry were in fact represented by an attorney and failed to notify that attorney about the signing of the default judgment. The court found that Susan and Ron failed to provide the court with the identity and address of the attorney representing Kathy and Jerry. Additionally, the trial court found that notice of default was never issued by the Angelina County District Clerk to Kathy and Jerry. With respect to the third element, the court found, for example, that at the time Kathy and Jerry were served with citations in the state court lawsuit, they reasonably believed that it was only a part of the federal lawsuit and that their attorney in the federal lawsuit would handle the matter. The trial court found no fault on their part which resulted in the default judgment. We agree.

■ Appellants' primary contention on appeal is that appellees do not satisfy the third requisite of a bill of review proceeding because they failed to exercise due diligence in pursuing a legal remedy through writ of error after the default judgment was entered. It is clear that appellees Kathy and Jerry knew about the default judgment within six (6) months of its entry, but too late to file a motion for

---

1. Nevertheless, we caution practitioners to specifically designate fact findings they wish to challenge on appeal.

new trial or perfect an appeal. *See* Tex.R. Civ. P. 329b(a); Tex.R.App. P. 26.1. Appellants Ron and Susan argue that appellees should have filed a writ of error proceeding and that they cannot avail themselves of a bill of review proceeding because they failed to exhaust this legal remedy. To analyze this argument we must turn now to the requirements for a writ of error proceeding.

A writ of error "is available to a party if the petition requesting it is brought within six (6) months of the date of the judgment by a party who: 1) did not participate in the trial on the merits, and 2) where there is error apparent on the face of the record." *See Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); Tex.R.App. P. 45 (now repealed).[2] The issue in this case is whether there was reversible error apparent on the face of the record.

In a writ of error, the "face of the record" consists of the papers on file with the trial court when it rendered judgment. *General Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex.1991). Accordingly, an appellate court may not consider evidence in a writ of error proceeding unless it was before the trial court when judgment was rendered. *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 794 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Such a prohibition is appropriate because an appeal by writ of error directly attacks the judgment rendered. *Id.*

After a default judgment is rendered, Tex.R. Civ. P. 239a requires, among other things, that the clerk mail written notice of the signing of the judgment to the party against whom the judgment was rendered at the address shown in the certificate *and* note the fact of such mailing on the docket. The rule, therefore, .imposes on the clerk an affirmative duty to make that notation. We have reviewed the docket sheet, and it does not contain a notation to that effect. Appellants contend that this lack of nota-

tion is proof the clerk did not mail the notice, and this was error, "apparent on the face of the record," which appellees should have made the basis of a writ of error proceeding.

An appellant is required to exhaust all available legal remedies, including a writ of error, before pursuing a bill of review. *Rundle v. Comm'n for Lawyer Discipline*, 1 S.W.3d 209, 216–217 (Tex. App.—Amarillo 1999, no pet.). However, because the "error" here occurred after judgment was rendered, the clerk's failure to mail the notice (or to note on the docket the mailing of the notice) of the signing of the default judgment does not constitute error reversible by writ of error. *See Norman Communications, Inc. v. Texas Eastman Co.*, 956 S.W.2d 68, 72 (Tex. App.—Tyler), *rev'd on other grounds*, 955 S.W.2d 269 (Tex.1997); *see also Bloom v. Bloom*, 767 S.W.2d 463, 468 (Tex.App.—San Antonio 1989, writ denied), *Grayson Fire Extinguisher Co. v. Jackson*, 566 S.W.2d 321, 322–23 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.). One court has explained that Rule 239a is designed "as an administrative convenience for the parties, and the failure to file a certificate of last known address, or to give notice of the entry of default judgment, does not constitute reversible error." *See Long v. McDermott*, 813 S.W.2d 622, 624 (Tex. App.—Houston [1st Dist.] 1991, no writ). However, as the court in *Bloom* held, failure to comply with Rule 239a may be properly attacked by an equitable bill of review proceeding setting up lack of notice as one of the grounds. *Supra*, 767 S.W.2d at 468. That is what has occurred here. Since the failure to comply with Rule 239a cannot be reversible error in an appeal by writ of error, appellees were not precluded from pursuing an equitable bill of review.

We realize we are taking a position inconsistent with our prior opinion in this case. There, we held that appellees were at fault in failing to pursue an appeal by

2. On September 1, 1997, Rule 45 was re-pealed and replaced by Tex.R.App.P. 30.

writ of error after learning of the default judgment and their negligence precluded their bill of review. *See Jordan,* 890 S.W.2d 555.[3] We have reconsidered the writ of error issue here. We now hold that appellees had no legal remedy by writ of error. Any error in the clerk's failure to mail the notice or to note on the docket the mailing of the signed default judgment is not reversible error in a writ of error proceeding. Therefore, appellees were not at fault in failing to pursue an appeal by writ of error or any other legal remedy since none was available. The only remedy available to appellants was by bill of review, an equitable remedy. We overrule appellants' issue number 3. We hold that the trial judge was correct in his findings of fact and conclusions of law and in setting aside the default judgment by interlocutory order after a full bench trial on the bill of review in 1993.

### The Mother Hubbard issue

■ We next turn to appellants' argument in issues one and two that the 2000 take-nothing judgment on the merits following the 1999 jury trial did not vacate the $1,000,000 default judgment entered in 1991. Essentially, appellants argue that since the take-nothing judgment did not reference the interlocutory order entered in 1993 in the bill of review trial and did not reference the 1991 default judgment, the "Mother Hubbard" clause in the final judgment denied Kathy and Jerry their requested relief.

This Court has held that if a claim logically cannot be brought within the grasp of a Mother Hubbard clause, we will not abandon logic. *See Midkiff v. Hancock East Texas Sanitation, Inc.,* 996 S.W.2d 414, 416 (Tex.App.—Beaumont 1999, no pet.). Appellant contends that despite the trial court's having found for the appellees twice, once in the bill of review hearing and again at trial, it nonetheless intended

by its "take nothing" judgment to reinstate the default judgment. This has no foundation in the record. The trial court's 1993 order in favor of appellees after the bill of review hearing reads:

It is adjudged and ordered that the Order issued on January 24, 1991 [finding appellees in default] and the Judgment rendered and entered on April 24, 1991 [awarding appellants $1,000,000] ... are void and without affect. Further, it is ordered and adjudged that ... Susan B. Jordan and Ron Jordan ... are *permanently* enjoined from enforcing, or attempting to enforce, the above judgment. [*Jordan v. Jordan*] shall be ... placed on the trial docket by the Angelina County District Clerk. [Emphasis added].

The order cited above was an interlocutory judgment, since it left the resolution of appellants' negligence claims to a future trial on the merits. However, it conclusively disposed of the default judgment, holding it void and permanently enjoining its enforcement. The trial court's findings of fact and conclusions of law make clear that it believed enforcement of the default judgment would do injustice to the appellees. The "Mother Hubbard" clause in the final judgment entered in 2000 stated that "all relief not expressly granted" was denied. However, the requested relief of vacating the default judgment *was* already expressly granted by the 1993 order.

We read the two orders together. The 1993 interlocutory order, entered after the bench trial on the bill of review and supported by findings of fact and conclusions of law, remains in effect and was merged into the final 2000 judgment entered after the jury trial. *See Exxon Corp. v. Garza,* 981 S.W.2d 415, 419–20 (Tex.App.—San Antonio 1998, pet. denied) (Prior interlocutory orders merged into the last judgment and created a final, appealable judgment.). Together the two orders, one interlocutory

3. Holding there was a lack of jurisdiction, the Texas Supreme Court reversed this Court in

*Jordan,* 907 S.W.2d 471.

and one not, dispose of all claims and all parties in a consistent manner and constitute the final judgment in this case. We overrule appellants' issue numbers 1 and 2.

### THE GOOD DRIVING

 Appellants' remaining issue is their evidentiary issue. Although the trial court initially sustained appellants' objection to the admission of evidence concerning Jerry's driving record, a bench conference produced a different result. After appellees' attorney sought to introduce the driving record into evidence and pointed out it was relevant to appellants' negligent entrustment cause of action, one of appellants' attorneys immediately offered to drop the negligent entrustment cause of action. His suggestion, however, was rejected by appellants' other attorney. The trial court then permitted the evidence to come in, and appellants made no request for a limiting instruction and raised no additional objection to the evidence. We hold that any objection was waived by appellants. TEX.R. EVID. 105(a) ("In the absence of such request [for limiting instruction] the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal."). *See Hur v. City of Mesquite,* 893 S.W.2d 227, 230 (Tex.App.—Amarillo 1995, writ denied) ("A party waives his complaint and any error is deemed harmless if he subsequently permits the same or similar evidence to be introduced without objection."). Furthermore, appellants have not challenged the jury findings of "no negligence" on appeal and do not ask for a new trial. Appellants' issue number 4 is overruled.

We refuse appellants' request to reinstate the $1,000,000 default judgment. Having overruled each of appellants' issues, we affirm the trial court's judgment setting aside the default judgment and or-

dering that appellants take nothing from appellees.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. In a previous review of this case, *Jordan v. Jordan,* 890 S.W.2d 555, 561 (Tex.App.—Beaumont 1994), *rev'd on other grounds,* 907 S.W.2d 471 (Tex.1995)[1], a unanimous court held that Kathy Stringer Jordan and Jerry Jordan "had an adequate remedy at law by way of writ of error after discovering the default judgment by August 23, 1991, and should have been diligent in pursuing that remedy in lieu of waiting 80 days to file a Bill of Review." I believe that holding was correct then and is correct now. Therefore, I would sustain issue three and render a judgment for Susan B. and Ron Jordan.

---

1. The Texas Supreme Court dismissed the appeal for want of jurisdiction because the bill of review was interlocutory and not appealable.